The State v. Whalen.

## The State v. Whalen, *Appellant.*

1. Criminal Law : ESCAPE : INDICTMENTS.   An indictment for break-
ing jail and escaping therefrom, which charges that defendant was
confined under the judgment and order of a particular court,
whose jurisdiction is defined by public statute, need not allege that
the court had jurisdiction to commit him.

2. ——— : ——— : EVIDENCE.   On a trial for breaking jail and escap-
ing, the state may show by any competent and relevant testimony
that the defendant was in lawful custody at the time of the com-
mission of the alleged offense ; for this purpose it may be shown
that he was first committed on a warrant issued by a justice, and,
after examination, recommitted, then indicted in due course and,
after a mistrial, remanded by the court to the custody of the
sheriff.

3. ——— : ——— : ———.   It was competent for the sheriff to testify
to the identity of the defendant with the party originally com-
mitted.

4. ——— : ——— : REASONABLE DOUBT : INSTRUCTION.   Where the court
correctly instructs the jury to acquit, if entertaining a reasonable
doubt of defendant's guilt on the whole evidence in the case, it is
not error to refuse to instruct that every material fact in the
indictment must be established beyond a reasonable doubt.

5. ——— : ———.   On a trial under Revised Statutes, 1879, section
1455, for escaping from jail before conviction, it is not necessary to
prove the use of force on defendant's part in effecting the escape.

*Appeal from Marion Circuit Court.*—Hon. Thos. H.
Bacon, Judge.

Affirmed.

This appeal is from a conviction of defendant under
an indictment charging that he, being "lawfully
imprisoned," etc., upon a certain date, "did felo-
niously break the said county jail and prison by cutting
and sawing an iron bar, parcel thereof, and by cutting
and removing a large stone, parcel thereof, escape
therefrom," etc.

Defendant, testifying as a witness on his own behalf, admitted his escape from jail but asserted that he merely availed himself of an opening he found in the wall ; that he had no part in making it, and did not know of it until several other prisoners had escaped through it.

At the trial several exceptions were taken. Those which are material will be considered successively in the course of the opinion.

*E. R. McKee* for appellant.

(1) The court erred in admitting any evidence under the indictment. R. S. 1879, sec. 1455 ; *State v. Davis*, 29 Mo. 391 ; *State v. Emerich*, 87 Mo. 110. (2) The court erred in admitting in evidence the transcript of the justice of the peace, affidavit, warrant, and judgment showing the justice had ordered appellant confined to jail to await action of the grand jury. Kelley's Crim. Law and Prac., secs. 768, 769. (3) The court erred in admitting in evidence commitment issued by Catlett, justice of the peace. (4) The court erred in admitting in evidence transcript of judgment of Catlett, justice of the peace, in case of State *v.* Whalen, appellant, showing conviction of appellant on charge of assault and battery. *Seymour v. Farrell*, 51 Mo. 95. (5) The court erred in refusing to give the instructions asked by appellant. Chitty's Blackst. ( 19 Ed.) 130 and n. 11 ; Russell on Crimes ( 2 Ed.) 380, 381 ; Wharton's Crim. Law ( 8 Ed.) sec. 1678. (6) The court erred in refusing to instruct the jury on the theory that to warrant a conviction the truth of every material fact, alleged in the indictment, must be proved beyond a reasonable doubt. Kelley's Criminal Prac., secs. 768, 769. (7) The court erred in refusing to instruct the jury to the effect that before they could find defendant guilty, they should find that defendant was confined under order and judgment of the Hannibal court of common pleas. Kelley's Criminal Prac., secs. 768, 769. (8) The court

erred in instructing the jury to the effect that it would be a sufficient lawful imprisonment, under the indictment, if defendant was held on commitment issued by a justice of the peace. Chitty's Blackst. ( 19 Ed.) 130 and n. 11 ; Russell on Crimes ( 2 Ed.) 380, 381 ; Wharton's Crim. Law ( 8 Ed.) sec. 1678 ; Kelley's Crim. Prac., sec. 769.

*John M. Wood*, Attorney General, for the State.

(1) The supreme court will take judicial notice that the Hannibal court of common pleas is a court of criminal jurisdiction, and as such that it had authority to order defendant confined, and the circuit court therefore properly overruled defendant's objection to the offering of any evidence under the indictment. *State v. Case*, 53 Mo. 246 ; *State v. Gates*, 67 Mo. 139. (2) The indictment charges that defendant feloniously broke the jail and escaped, and defendant's second reason for the objection is not correct in point of fact. (3) There was no error committed in permitting the sheriff to state that the John Whalen named in the commitment was the same John Whalen here on trial for breaking and escaping from the jail. It was necessary to prove this in order to establish his identity, and it could not be established by the record alone. (4) The complaint made before the justice and warrant issued thereon were competent for the purpose of showing the legality of his original commitment to jail. He was committed until he should be discharged by due process of law, and this had never been done. That the warrant varies in some particulars from the indictment is immaterial ; the offense charged and for which he was confined was the same. Kelley's Crim. Law, sec. 769. (5) The court having fully and properly instructed the jury as to the law, presuming defendant innocent until he was proven guilty, and as to reasonable doubt in instructions numbered 1 and 2

for defendant, and number 3 for the state, committed no error in refusing instructions numbered 3, 4, 5 and 6 asked by defendant, which embraced the same proposition. The defendant is only entitled to an instruction as to reasonable doubt on the whole evidence in the case. *State v. Christian*, 66 Mo. 138; *State v. Grayor*, 89 Mo. 600.

BARCLAY, J.—It will not be necessary in this case to discuss the distinction drawn by some of the commentators on the common law between escape and breach of prison. Our statute undertakes to state definitely the facts constituting the offense charged here. The only question presented is whether defendant has been fairly tried and convicted under it. ·

I. Objection was made to the indictment because it charged that defendant was in jail under the judgment and order of a particular court, without any allegation of that court's jurisdiction to commit him. Where the jurisdiction of a court is defined by public statute, as in this instance, it is not necessary to state it in an indictment. "No indictment shall be deemed invalid * * * for want of the averment of any matter not necessary to be proved." R. S. 1879, sec. 1821. Facts of which the courts take judicial notice are of this character. Among others, the terms of a public law.

II. It was proper for the state to show the nature of the commitment of defendant to jail and the process under which it took place. · He was first committed on a warrant issued by a justice on a criminal charge, and, after examination, recommitted. He then was indicted in due course. After a mistrial he was remanded by the court to the custody of the sheriff. While thus committed he escaped. The gist of these facts is that he was in lawful custody at the time. The state was entitled to show that fact by any competent and relevant testimony. The records offered in evidence tended

to that effect.. Moreover, the cross-examination of the state's first witness by defendant's counsel opened the inquiry as to defendant's original commitment and made the evidence to that point, introduced later by the state, admissible if not otherwise so.

. III. It was correct to permit the sheriff to testify to the identity of the defendant with the party originally committed. Identity of name tends to establish identity of person, but not being conclusive, it may be strengthened by other testimony of actual identity.

IV. There was no error in refusing to instruct that every material fact in the indictment must be established beyond a reasonable doubt. The court correctly instructed the jury to acquit if entertaining a reasonable doubt of defendant's guilt on the whole evidence in the case. This was sufficient on that point, considering the repeated rulings of this court.

V. In view of defendant's admissions regarding his escape it is unnecessary to consider the exceptions to some of the details of the testimony ruled upon by the trial court. Under the statute governing this case, it was not material to prove the use of force on defendant's part in effecting the escape. R. S. 1879, sec. 1455.

We find no error in the record. The judgment is, therefore, affirmed, all the judges concurring save SHERWOOD, J., absent.