STATE of Missouri, Respondent,

v.

Charles W. RENTSCHLER, Appellant.

No. 53773.

Supreme Court of Missouri,
Division No. 2.

Sept. 8, 1969.

John C. Danforth, Atty. Gen., Jefferson City, Robert K. Waldo, Special Asst. Atty. Gen., Kansas City, for respondent.

Charles Rentschler, appellant, pro se. and by Channing D. Blaeuer, Moberly, for appellant.

MORGAN, Judge.

Defendant was convicted by a jury of attempting to escape from a state institution in which he was lawfully confined. Section 557.351, V.A.M.S., 1959. (All statutory references are to this revision.) Under the Habitual Criminal Act, Section 556.280, the court assessed punishment at three years confinement. Defendant has appealed.

Prior to the proceedings now challenged, defendant had been charged only with attempt to escape. With counsel, he had waived a preliminary hearing, entered a plea of guilty and been sentenced to a term of two years. His pro se motion to vacate this sentence and judgment under Rule 27.26, V.A.M.R. was sustained by the trial court. The state, with leave, filed the amended information with which we are now concerned. Under the provisions of Section 556.280, it further charged defendant with being a second offender. New counsel was appointed, and from the record it is obvious he has represented defendant at all stages of this proceeding with diligence and dedication to his assigned task.

Defendant, being convicted of Robbery First Degree, had been committed to the penitentiary in Jefferson City. After a quarantine period of thirty days, he was assigned to the Missouri Training Center For Men at Moberly. He was assigned to work in the printing shop which was located some distance from the living quarters. This work area was surrounded by its own fence in addition to the two perimeter fences. On the date of the alleged offense, it is agreed defendant did not leave the shop at 4:15 p. m. with the other inmates but hid in a tool cabinet. Sometime later

he left the shop through a window and was found at about 10:15 p. m. lying in a ditch some 125 to 150 feet away from the print shop. It appears the fence was a similar distance farther away. When apprehended, defendant had in his possession: a pair of wire cutters (7 or 8 inches long), a knife-like tool (10 to 12 inches long) used to clean lead from the linotype machine and a $1.00 bill. Each of the items listed was known as contraband at the institution. Soon thereafter, defendant was transferred back to the main penitentiary in Jefferson City.

Defendant testified he had no thought of escaping but only sought to violate such regulations as would assure his return to Jefferson City. This desire for transfer resulted from two incidents which defendant described. On the day of his arrival in Moberly, at the first meal, he selected a table at which to eat. A brief argument developed when another inmate said it was his place. When told that each had his own place to eat, defendant said, "I told the dudes I was sorry for taking their table and got up and left." Approximately two months later, while combing his hair in the washroom, he said an inmate "touched me on the back side (buttock) and I didn't like it." With the expressed thought, "I guess he was trying to get me into some kind of a homosexual act," defendant hit the alleged offender. Later that day, two friends of the latter asked defendant if he was "tough," and he considered their further comments to be a threat to him. No other specific incidents were related. Defendant further testified he had advised the superintendent, both personally and by letter, of his desire to be transferred from Moberly. The superintendent did not recall either request.

The alleged errors are numerous as counsel complied with defendant's request that his pro se brief be incorporated into that of counsel.

■ Two attacks are directed toward the information. First, that after setting out that defendant was lawfully confined, it only provided that (he) " * * * did unlawfully and feloniously attempt to escape therefrom and go at large * * * " and thus failed to detail the manner by which he attempted to escape. We find the allegations, in the language of the statute, sufficient to support the judgment. State v. Gooch, Mo., 420 S.W.2d 283, 289. Had defendant thought he needed further enlightenment on the details, which he testified he planned to feign an escape, he could have availed himself of Criminal Rule 24.03 and moved for a bill of particulars. Second, that the allegations of the amended information were insufficient to invoke the provisions of the Habitual Criminal Act. That act provides that its provisions may be enforced against an accused who has previously been convicted and thereafter was " * * * placed on probation, paroled, fined or imprisoned * * * " for the previous offense. Objection is made to use of the words "entered the penitentiary." Reliance is placed on State v. Watson, Mo., 383 S.W.2d 753, wherein use of the words "was received at said penitentiary" was found inadequate to "clearly and definitely" comply with the statute regardless of the inference defendant had, in fact, been imprisoned. In retrospect, we need not determine whether or not the Watson case placed too severe a restriction on the words used. For if we assume that the word "received" used there, under the circumstances, is synonymous with "entered" used in the instant case, the two informations are readily distinguishable. Here, after the word "entered," it is further alleged defendant was "in custody of the State Department of Corrections." This wording can only be construed to mean defendant had been previously imprisoned, and we find the information sufficient in all respects.

■ It is further contended that the evidence was insufficient to support the jury's verdict. In addition to the evidence previously outlined, there was testimony that after the ten o'clock p. m. "head count," guards usually were removed from the

perimeter fence and the lights illuminating the fences were extinguished. The jury had this fact before it, and could properly have determined that, but for defendant's absence being detected at this count, he could have approached the fences with the tools at hand without fear of lights or guards. Cases involving other attempted escapes are of little value as each must rest on its own facts. We are convinced that the many overt acts of defendant were sufficient to authorize the jury to find that he had passed the preparatory stage, and was in the act of attempting to escape when caught. It was for the jury, not this court, to accept or reject his defense that it was all an act.

■ Defendant further complains that the instructions given did not adequately submit his defense. In a rather ambivalent approach, it is argued that the jury should have been instructed to consider: (1) that conditions justified his attempt to escape, and (2) that he was only feigning an escape to encourage his transfer. The first argument cannot be sustained, even if it were decided the facts evidenced an intolerable situation, because an attempt to escape is not justified by reason of conditions existing incident to penal confinement. State v. King, Mo., 372 S.W.2d 857, 859. The other argument, that he was merely feigning an attempt to escape, does not rise to the status of an affirmative defense requiring an instruction, but was only a general denial of the basic charge.

■ It is next argued that defendant was entitled to a preliminary hearing after (1) the information was amended to include the second offender charge, or, because (2) his original sentence had been vacated. The argument can not be sustained for either reason. As to the first, "The allegation of a prior offense goes merely to the matter of punishment and the magistrate has nothing whatever to do with it." State v. Wilwording, Mo., 394 S.W.2d 383, 390. As to the second, the record shows that defendant, with counsel, had waived a preliminary hearing. The record does not indicate that a later change of counsel was occasioned for any reason relating to defendant's waiver of a preliminary hearing. State v. Crouch, Mo., 353 S.W.2d 597, 600.

■ It is further charged that the trial court erred in allowing the state to prove the prior conviction of defendant in violation of the procedure designated in the Habitual Criminal Act. This act, Section 556.280, as amended Laws 1959, does provide that, "Evidence of the prior conviction * * * shall be heard and determined by the trial judge, out of the hearing of the jury * * *." This argument creates an interesting question in view of the long established law that punishment can be assessed only for attempting to escape from a *lawful confinement*. State v. Whalen, 98 Mo. 222, 11 S.W. 576, 577 (1889); State v. King, Mo., 372 S.W.2d 857, 859; State v. Martin, Mo., 395 S.W.2d 97, 102. The crimes of escape or attempting to escape are predicated on the legality of the confinement. It is an essential element of the crime and must be proven. In this case, it is fair to rule that such evidence was offered to establish the legality of the confinement (which the state contends) and not to show defendant to be an habitual criminal. Necessity demands as much. Lack of prejudice to defendant, in so ruling, is obvious. The jury already knew he was confined in a state penal institution—undoubtedly, for some reason. However, at this point, we emphasize that in this particular case only the one previous conviction (that under which he was confined at the time of the attempted escape) was included in the habitual charge. We do not rule, but certainly caution, that in the event the habitual charge includes offenses other than that for which defendant was at the time confined, prejudice might easily be shown.

■ Defendant next contends it was error for the trial court to allow the prosecuting attorney to express opinions as to defendant's guilt. It is well established that

opinion of counsel on either side is not relevant to the issues and should be avoided. Mo. Digest, Criminal Law, ☞720½. In those instances where a reasonable inference is created that counsel has knowledge of facts not in evidence, it is considered a reversible error. However, in the instant case, although not approved, the argument was not clearly prejudicial. It appears to have been an opinion based on the admitted evidence as it followed immediately after a comment that "the facts prove that he was attempting to escape."

■ The trial court did not err in sustaining an objection to a question of the defense which sought to have a witness testify homosexual practices were prevalent in Moberly. There was no offer of proof made nor any effort to show defendant to have been so involved.

■ Defendant last contends the imposition of a three year sentence, instead of the two years originally pronounced, was for no apparent reason other than to punish him for pursuing his constitutional right to a new trial. In other words, he is now "worse off" by moving under Rule 27.26 to have the original sentence vacated for reasons with which the sentencing court agreed. Patton v. State of North Carolina, D.C., 256 F.Supp. 225, 227 (1966). At this point, we add that the trial court, at the time of sentencing, did not have the directive established by the Supreme Court of the United States in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. After ruling that there was no constitutional prohibition against the assessment of a more severe penalty at retrial, the Supreme Court, with the stated purpose of removing any fear a defendant might have of vindictiveness by the sentencing court resulting from defendant's pursuit of his constitutional rights, did declare: "In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirma-

tively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

The case need not be remanded for this court, under the provisions of Criminal Rule 28.15, may and does hereby modify the sentence and judgment to provide that defendant be committed to the custody of the State Department of Corrections for a term of two years.

As modified, the judgment is affirmed.

All of the Judges concur.