STATE of Missouri, Respondent,

v.

Robert Lee WILLIS, Appellant.

No. WD 31193.

Missouri Court of Appeals,
Western District.

June 9, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 8, 1980.

A. James Snider, Columbia, for appellant.

John Ashcroft, Atty. Gen., Jefferson City,
Earl W. Brown, III, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P. J., and DIXON and
SOMERVILLE, JJ.

CLARK, Presiding Judge.

Robert Lee Willis was charged and prosecuted for the offense of escape from custody, § 557.351, RSMo Supp.1975 [1]. Conviction was had after a jury trial and Willis, as a second offender, was sentenced by the court to a term of three years.

The points of error advanced on this appeal do not question the sufficiency of the evidence to support the submission or the verdict, and a brief recitation of the facts will therefore suffice. Willis had previously been convicted in the City of St. Louis for the offense of murder in the second degree, and he was serving the sentence imposed for that offense when, on March 13, 1976, he failed to return from a work release assignment at Lincoln University in Jefferson City. He remained at large until November 1978. This prosecution followed.

At trial, the state offered Willis' conviction record in evidence. Willis objected on the ground that the nature of the offense which had resulted in his confinement was immaterial and prejudicial and tended to portray him to the jury in an unfavorable light. The same objection was lodged to the state's verdict directing instruction, which restated the detail of Willis' prior conviction, and to the state's recitation of that conviction in opening statement and in closing argument. All such objections were overruled.

Willis did not testify and he offered no evidence. On this appeal, the points of error relate solely to the failure of the trial court to exclude from the case all reference to Willis' earlier conviction for murder. In

---

1. Similar offenses are now within the proscription of §§ 575.195 et seq., RSMo 1978, which differentiate among offenses and distinguish among various circumstances of custodial detention.

raising this issue, Willis does not question that the conviction record received in evidence was accurate and he does not contest that he was, in fact, lawfully convicted and sentenced for murder. He does argue that the jury should not have been informed of his prior offense because the nature of that crime was immaterial and irrelevant to the escape charge and prejudiced his cause, and because the evidence constituted prohibited reference to another unrelated crime.

▮▮ At the outset, consideration of Willis' objection to the verdict directing instruction is impaired because of failure of appellant's brief to conform to Rule 84.-04(e). The instruction does not appear in the argument portion of the brief as mandated by the rule. Instruction error is not preserved for review when the instruction alleged to be erroneous is not set out in full in the argument portion of the brief. *State v. Nicolosi*, 588 S.W.2d 152 (Mo.App.1979); *State v. Childers*, 581 S.W.2d 619 (Mo.App. 1979). Even recognized merit to the instruction complaint does not excuse the briefing deficiency and does not rehabilitate a point not preserved. *State v. Hoelting*, 562 S.W.2d 703 (Mo.App.1978).

Despite preclusion of the instruction question on procedural grounds as noted, other points involving receipt of the conviction record as an exhibit and the propriety of comments made to the jury by the prosecutor require, in practical effect, that the basic issue underlying all these points be examined. We also note that the challenged instruction is set out in appellant's statement of facts and no disagreement emerges as to identity of the instruction or its content. Under authority of Rule 84.08[2], the court, ex gratia, will consider the asserted instruction error in conjunction with the other asserted errors as above noted, but only because the particular facts of this case so require. No inference should thereby be drawn that deviations from the rules will be excused in the future or that the practice is condoned.

▮▮ The issue which this case presents as to each of Willis' complaints is whether or not proof of the prior offense for which the defendant was convicted is an essential element of the crime of escape from custody. Willis argues that proof of confinement alone suffices and that it matters not for what offense the punishment of confinement was imposed.

▮▮ The offense of escape from confinement is predicated on the existing condition of confinement lawfully imposed. Conviction, sentence and entry into custody by prior operation of law are all essential elements of the crime of escape and must be proven. The state must therefore offer proof that the accused was, at the event of escape, lawfully confined. *State v. Rentschler*, 444 S.W.2d 453, 456 (Mo.1969). As a material element of the offense of escape, confinement must be shown beyond a reasonable doubt. *State v. Martin*, 395 S.W.2d 97, 102 (Mo.1965). A certified copy of the conviction record has consistently been held to be an acceptable means of proving lawful confinement. *State v. King*, 372 S.W.2d 857, 859 (Mo.1963).

In the subject case, Willis did not make and did not offer to make any concession that he was lawfully confined at or prior to the date of his escape. The state was therefore obliged to prove this element of the charge. It is difficult to perceive how the burden could be carried and a lawful conviction and sentence could be proved if no mention were to be made of the crime which defined the prohibited conduct. How, for example, could it be ascertained if the sentence imposed was within the statutory range?

Indeed, the practical necessity for receiving evidence as to the prior offense was reaffirmed in *McGinnis v. State*, 460 S.W.2d 690, 692 (Mo.1970). There, the certified record of defendant's convictions included three felonies, all appearing on the same exhibit which was received in evidence. Only the last of these felonies was applicable to the escape charge because it account-

---

**2.** Rule 84.08, effective January 1, 1980, contains revised language contemplating excuse of rule violations in place of suspension or modification of the rules, as formerly provided.

ed for the confinement on the date of escape. The court found the exhibit essential to proof of the escape and rejected defendant's claim that he was unfairly exposed thereby as a multiple offender. Here, Willis' conviction record was also properly received because necessary to the state's case in showing lawful confinement.

Having concluded that proof of the prior conviction is an essential element in proving the charge of escape, it also must follow that the prohibition against evidence of unrelated crimes is not applicable to cases of escape. Of course, it would be inappropriate to explore details of a prior offense beyond identifying the crime for which the punishment was imposed. That limit was not exceeded in this case and Willis does not so contend.

Willis argues, however, that the details of his record should have been masked to prevent disclosure to the jury and the information should also have been deleted from the instruction and should not have been the subject of comment by the prosecutor. This, Willis contends, was his right because the jury's knowledge that he was a murderer implied that he was of bad character, an issue not related to the escape charge, and operated to prejudice him in the jury's consideration of his guilt or innocence on the pending charge.

This contention is without merit because it fails to take into account a circumstance which a jury knows in any escape case. As was noted in *State v. Rentschler, supra*, the jury of necessity knows in such cases—because the defendant is charged with escape from custody—that he must, perforce, have been confined in a penal institution, and that he was there for some reason. Thus, the defendant is labeled as an offender against the criminal statutes and, to the extent a prior conviction reflects adversely on the defendant's character, it is an unavoidable consequence of an escape case.

Willis seems to argue that his conviction for murder in the second degree in some manner operates to generate a greater revulsion in jurors than other felonies and that he has suffered unusual individual prejudice. Aside from the absence of any confirmation in this record for this assumption, the premise is faulty. The jury here was charged only to find guilt or innocence, imposition of punishment being reserved for the court under the second offender act. While it may well be that a jury could be motivated to impose a more severe penalty on a multiple offender or one convicted of an aggravated offense, there is no rational basis to argue that jurors would differentiate among felons who escape, acquitting some and convicting others based on the type of offense for which they stand previously convicted.

Finally, it is appropriate to note that MAI–CR2d instructions[3] drafted to cover the submissions of the offenses of escape from confinement or failure to return to confinement as defined in the revised Criminal Code effective January 1, 1979 (§§ 575.-195 et seq., RSMo 1978), provide for specification of the prior offense or charge as an element of the jury instruction. While identification of the prior crime is essential because the statutory revision distinguishes the level of punishment between escapees charged with or convicted of felonies and those charged with or convicted of other offenses, the approval of this instruction form is additional recognition and confirmation of the conclusion reached in the present case.

The crime for which the escapee was previously convicted and confined is a jury issue which must be proved. As such, the nature of the earlier offense inevitably will be disclosed in the course of the state's evidence and will appear in the jury instruction. Similarly, it follows that this element of the offense will be a subject for appropriate comment by counsel in argument. Willis has no basis to complain that his previous conviction for murder was disclosed to the jury by these means.

The conviction and sentence are affirmed.

All concur.

3. MAI–CR2d 29.74 and 29.76.