STATE of Missouri, Respondent,

v.

Charles D. MOORE, Appellant.

No. 12185.

Missouri Court of Appeals, Southern District, Division One.

Aug. 25, 1981.

John D. Ashcroft, Atty. Gen., Kristie Greene, Asst. Atty. Gen., Jefferson City, for respondent.

Robert E. Childress, Poole, Croessmann & Champion, P.C., Springfield, for appellant.

GREENE, Presiding Judge.

Defendant, Charles D. Moore, was jury-tried and convicted of the crime of escaping from confinement while serving a sentence after conviction for the crime of burglary, in violation of § 575.210.[1] The trial court sentenced defendant to three years' imprisonment, as recommended by the jury.

In his appeal, defendant's sole point relied on is that the trial court erred in sustaining the state's motion in limine, which prohibited defendant from introducing evidence concerning his state of mind at the time of the offense, for the reason that defendant was denied the opportunity to show he did not have the requisite intent to commit the crime in question.

The facts of the case are simple. Defendant was confined at the Ozark Correctional Center at Fordland, Missouri. At about 8:30 p. m. on November 26, 1979, it was discovered that defendant and another inmate, John M. Koch, had escaped from the institution. Later that evening, defendant and Koch were apprehended in the town of Seymour by police officers of that city.

Prior to trial, the prosecuting attorney made an oral motion in limine to prohibit defendant from offering evidence that he had "family problems" which affected his "state of mind" at the time of the escape. Defendant did not contend then, and does not contend now, that the "family problems" caused defendant to have a mental disease or defect excluding responsibility.

In defendant's offer of proof, he offered testimony that he had been abandoned by his mother when he was five years old, and that he had not heard from her until November of 1979, shortly before he escaped, when he found out she was alive. Defendant talked to his mother on the telephone and then requested a furlough to go see her. The request was denied since he had only been at the facility for 30 days. Defendant became upset about not being able to see his mother and talked with fellow inmate John Koch, who was having problems with his wife. Defendant and Koch then decided to escape, which they did, by climbing over the fence surrounding the institution.

Defendant contends that his evidence would have rebutted the required intent element contained by implication in § 575.-210. Defendant confuses motive, or justification, with intent. Intent is the purpose or design with which an act is done, while motive is the moving cause which induces

---

1. All references to statutes are to RSMo 1978, V.A.M.S.

action. *State v. Young*, 425 S.W.2d 177, 182 (Mo.1968). Defendant concedes that he escaped. He argues that he should be able to justify such conduct by showing that he was not able to see his mother, when he wanted to see her, and that such state of circumstances "upset" him.

Where, as here, the imprisonment is under the color of law, a prisoner is not entitled to resort to self-help to secure his release, *State v. Croney*, 425 S.W.2d 65, 68 (Mo.1968), unless he can show that he was coerced to escape by use of, or threatened use of, force upon him by another, which force or threatened force a person of reasonable firmness would have been unable to resist, § 562.071, or that he was justified in escaping because of the threat of some imminent injury to his person which is of such gravity that the desirability of avoiding such injury outweighs the injury sought to be prevented by the escape statute. § 563.-026; *State v. Baker*, 598 S.W.2d 540, 541 (Mo.App.1980).

Since defendant does not contend that he was coerced into escaping, and does not show by his offer of proof that he was legally justified in doing so, by reason of fear of death or great bodily harm from other inmates, as was the case in *State v. Baker, supra*, his proffered evidence was irrelevant. With the narrow exception of factual situations such as were present in *Baker* (a well grounded fear of being murdered, assaulted and being subjected to homosexual rape), conditions of confinement do not justify escape, and do not constitute a defense to the charge of escape. *State v. Battles*, 585 S.W.2d 213, 214 (Mo.App.1979).

To hold otherwise would be an invitation to anarchy, and make the duties of prison administration intolerable. The trial judge was correct in sustaining the state's motion in limine, and in refusing defendant's offer of proof.

The judgment is affirmed.

All concur.