**STATE of Missouri,
Plaintiff-Respondent,**

**v.**

**Dwayne Richard HEDRICK, a/k/a Richard Dwayne Hedrick, a/k/a Richard Dwayne Johnson, Defendant-Appellant.**

**No. WD 32817.**

Missouri Court of Appeals,
Western District.

June 29, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Aug. 3, 1982.

Application to Transfer Denied Sept. 13, 1982.

---

James Armin Rust, Lexington, for defendant-appellant.

Kristie Lynne Green, Jefferson City, for plaintiff-respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

KENNEDY, Judge.

Defendant Hedrick was convicted upon a jury trial of escape from confinement, § 575.210, RSMo 1978. As a persistent offender, § 558.016, RSMo 1978 (Cum.Supp. 1981), he was sentenced to ten years' imprisonment.

Defendant appeals, claiming that the evidence was insufficient to sustain the conviction. Defendant's point is well taken and the conviction is reversed.

The facts are as follows:

Defendant escaped from the Ray County jail on February 28, 1980. He was being held there, according to the state's theory, as the result of an arrest for an earlier escape from confinement from the same jail on December 30, 1979. His original confinement in the jail was on a charge of auto theft originating in Carroll County. The auto theft case had been transferred from Carroll County to Ray County on change of venue and the defendant's custody followed. Rule (now) 32.12.

Defendant was charged by separate informations with both escapes—that of December 30, 1979, and that of February 28, 1980—but trial was had on the second one.

■ Appellant's first and dispositive point is that the evidence failed to prove that he was "confined after arrest for (a) crime", § 575.210.1, RSMo 1978.

The attorney general claims that the evidence does show, contrary to defendant's argument, that defendant was "held in confinement after arrest for (a) crime". The evidence on the point is the following: A certified copy of a complaint[1] filed January 4, 1980, in the Magistrate Division of the Circuit Court of Ray County, which charged defendant with escape from confinement on December 30, 1979; the testimony of then Sheriff Stockton that the document was "the information for a warrant"; and Sheriff Stockton's affirmative answer when asked, "Is that the charge that this defendant was charged with in Ray County?" There was no dispute that the defendant was actually confined in the jail and that he escaped therefrom on February 28, 1980.

We should point out here that it is an essential part of the state's charge and proof under § 575.210, RSMo 1978, that the confinement be related to an arrest or conviction for a particular crime, as Judge Clark clearly showed us in State v. Willis, 602 S.W.2d 9, 10–11 (Mo.App.1980). Willis was decided under an earlier version of the escape statute, but the reasoning is applicable to the statute now before us.

There was in evidence no warrant for defendant's arrest, Rule 22.04. The evidence shows no commitment to jail under which he was being held, § 544.470, RSMo 1978, nor even any oral testimony that he was being held after arrest for the December 30, 1979, escape from confinement. We do not know and may not assume that a

---

1. The document we have called a "complaint" is entitled "information". It is rather a confusing document, but we have given it the construction most favorable to the state and have treated it as the complaint which commences a felony prosecution by information, Rule 22.01.

warrant was issued on the escape charge contained in the complaint, or that defendant was arrested and held in jail thereunder when he escaped. Particularly may we not make those assumptions in this case, where the defendant had been confined, at the time of the December 30, 1979, escape, on a charge of automobile theft. There is no more reason to conclude he was being held pursuant to the earlier escape charge (as charged in the information) than to conclude that he was being held pursuant to the Carroll County auto theft charge only.

The conviction is reversed for the insufficiency of the evidence to prove an essential element of the crime charged, namely, the crime for which defendant was arrested and was being held in jail at the time of the escape for which he was convicted.

■ The insufficiency of the evidence does not result from the trial court's erroneous exclusion of evidence offered by the state, see *Burks v. United States*, 437 U.S. 1, 15–16, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978); nor from our exclusion of evidence erroneously admitted by the trial court as in *State v. Wood*, 596 S.W.2d 394, 398–399 (Mo. banc 1980). In those cases it was held proper to remand for a new trial. All the evidence offered by the state has been admitted. The case therefore may not be remanded for a new trial. Another trial would violate defendant's rights against double jeopardy. The defendant must be discharged. *Burks v. United States*, supra 437 U.S. at 18, 98 S.Ct. at 2150; *State v. Basham*, 568 S.W.2d 518, 521 (Mo. banc 1978).

Judgment reversed and defendant ordered discharged.

CLARK, P. J., concurs.

MANFORD, J., dissents in separate opinion.

MANFORD, Judge, dissenting.

I must dissent.

The majority opinion concludes that the evidence in this case is insufficient to sustain the jury's guilty verdict for violation of § 575.210, RSMo 1978, escape from confinement. I cannot agree.

Appellant was in custody for the charge of auto theft and was confined in the county jail of Carroll County. Appellant successfully secured a change of venue to Ray County. He was confined in the county jail of Ray County and escaped from that confinement on December 30, 1979. He was charged with that offense. Again, on February 28, 1980, he escaped. He was charged with that offense. The charge against him was, as per the information, "while being held in confinement after arrest for escape from confinement, escaped from confinement."

On this appeal, respondent correctly argues that the evidence shows appellant was held in confinement after the arrest for a crime, to wit, auto theft and escape from confinement.

The evidence which sustains the jury's verdict is the felony complaint admitted to evidence coupled with the testimony of the county sheriff. There is no dispute on this appeal that appellant was in lawful confinement on February 28, 1980. The felony complaint set forth that appellant was in custody after arrest for stealing an automobile, a felony offense.

The only logical inference which can flow from the formal charges filed against appellant, coupled with the evidence on this record, is that appellant knew and was informed he was charged with a felony, to wit, theft of an auto; he escaped confinement and charged with that escape; and he again escaped and was charged with escape from confinement.

Disposition of this case should be made with passing upon the lack of merit presented on all of appellant's points and the judgment affirmed pursuant to an order opinion under Rule 84.16(b).