STATE of Missouri,
Plaintiff-Respondent,

v.

Alvin G. KIRKSEY, Defendant-Appellant.

No. 45523.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 6, 1983.

Lee T. Lawless, St. Louis, for defendant-appellant.

Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

STEPHAN, Judge.

Defendant appeals from a conviction for escape by means of a dangerous instrument, § 575.210, RSMo 1978, and first degree robbery, § 569.020, RSMo 1978, for which he was sentenced as a persistent offender to consecutive terms of 25 years' imprisonment. We affirm.

The sufficiency of the evidence to support the conviction is not at issue. On June 5, 1981, defendant, who had been found guilty of aiding in the escape of his brother and armed criminal action, was being brought from the St. Louis City Jail to the Municipal Courts Building for sentencing. While walking through the tunnel between the jail and the court, defendant produced a knife and ordered the escorting deputy sheriff to release him and two other jail inmates from their handcuffs. The deputy complied. Defendant then fled. Outside, defendant approached a parked car, entered it, and, again displaying the knife, ordered the occupants out. Defendant stole the car

which was later found abandoned. Later that day police officers recaptured defendant.

Defendant raises a single point on appeal. He contends that the state during its opening statement improperly recounted the prior conviction for which defendant was being held at the time of his escape, and that his motion for mistrial should have been granted. Defendant's point is without merit.

"[I]t is an essential part of the state's charge and proof under § 575.210, RSMo 1978, that the confinement be related to an arrest or conviction for a particular crime..." *State v. Hedrick,* 637 S.W.2d 306, 307 (Mo.App.1982). See *State v. Willis,* 602 S.W.2d 9, 10–11 (Mo.App.1980). In a case of this nature, the crime which occasioned the defendant's custody becomes a necessary element of the crime of escape. *Hedrick,* supra at 308. The primary purpose of the prosecution's opening statement is to apprise the jury and the defendant of the facts which the state expects to prove. See *State v. McAllister,* 468 S.W.2d 27, 29 (Mo.1971). Since defendant's prior conviction was an essential element of the state's case, it was properly a part of the prosecution's opening statement. Indeed, the state is required to make an opening statement, "to inform the defendant of the contemplated course of the prosecution in order that the defendant can meet the charge against him." *State v. Locke,* 625 S.W.2d 631, 633 (Mo.App.1981).

Defendant further maintains that the prosecution's detailing of the prior offense exceeded the bounds of acceptable opening statement and constituted prejudicial error. The complained of portion of the statement was as follows:

> Mr. Moss: Ladies and gentlemen of the jury, this time is given to the attorneys to outline for you what we expect the witnesses to testify to. In this particular regard I will be brief and to the point. This case somewhat had its origins before the actual date of the charge here, June 5, 1981. Back in August of 1980 the defendant's brother, Dennis Kirksey, was being brought from the Missouri State Penitentiary by guards of the penitentiary to the Federal Courthouse pursuant to a writ to have him testify in another prisoner's lawsuit that was pending over there. When the prison officials arrived with Mr. Kirksey's brother, Dennis Kirksey, and other prisoners, an armed gunman approached the van with a shotgun and ordered the guard to release the prisoners, specifically, Dennis Kirksey. Dennis Kirksey at that point in time escaped with the gunman fleeing in a car going north on what's now Tucker Boulevard. This defendant was arrested for that offense on August 11th and identified by the five prison guards as the gunman with the sawed-off shotgun or the shotgun that he held the prison guards at bey [sic] when his brother escaped. Mr. Kirksey, that is, Alvin Kirksey was subsequently convicted of those—

The extent and scope of the prosecution's opening statement are largely within the broad discretion of the trial judge. *State v. Woodward,* 587 S.W.2d 287, 291 (Mo.App. 1979). We recognize that excessive detailing of the prior offense may, under some circumstances, be irrelevant and inflammatory. See *Willis,* supra at 11. However, it was not so here. Further, defendant himself throughout the trial attempted to introduce details of the prior offense in making out a defense of necessity for escape to avoid being killed in prison. His complaint of prejudice from the minimal detailing by the state then is not well taken. The trial court did not abuse its discretion in refusing to grant defendant's motion for mistrial.

The judgment is affirmed.

SIMON, P.J., and KAROHL, J., concur.