**STATE of Missouri, Respondent,**

v.

**Joseph William LEADY, Appellant.**

**No. 48031.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 17, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 28, 1984.

Application to Transfer Denied
Nov. 20, 1984.

Kathryn Shubik, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant was convicted of escape from confinement, a violation of § 575.210, RSMo.1978, and sentenced as a persistent offender to ten years imprisonment. He appeals. We affirm.

On September 22, 1975, defendant was sentenced to a ten year term of imprisonment for robbery first degree and to a consecutive term of twenty years for rape. In March, 1983, defendant was serving his sentence at the Missouri Eastern Corrections Center in Pacific, Missouri. On

March 17, 1983, a correctional officer escorted five inmates, including defendant, to the Daughters of Charity Convent in Normandy, Missouri to perform a concert. Defendant's wife was in the audience. During a break, defendant left the building with his wife. They drove to Memphis, Tennessee and then traveled to Tulsa, Oklahoma where they resided with defendant's wife's sister. Defendant was ultimately arrested and returned to Missouri.

In defendant's first point on appeal, he contends the trial court erred in admitting into evidence state's Exhibit 3, the 1975 judgment and sentence.

Section 575.210, RSMo.1978, provides that "[a] person commits the crime of escape from confinement if, ... while serving a sentence after conviction for any crime, he escapes from confinement." Escape from confinement is a class D felony if the person was serving a sentence for a felony conviction. Defendant acknowledges that the state must prove that he was serving a sentence after a conviction for a felony. However, defendant asserts that since the escape occurred within ten years of the date of the imposition of his sentence in 1975, he was serving the robbery portion of the sentence at that time; and he had not as yet commenced serving the rape portion of his sentence. Therefore, he argues the reference to the rape sentence within Exhibit 3 was prejudicial because it allowed the jury to consider an unrelated prior conviction.

It is an essential part of the state's charge and proof under § 575.210, RSMo.1978, that the confinement be related to an arrest or conviction for a particular crime. *State v. Hedrick*, 637 S.W.2d 306, 307 (Mo.App.1982). We agree with defendant that the record establishes that he was serving the robbery sentence and was not at the time of the escape serving a sentence for rape. However, Exhibit 3, even though it made reference to an offense he was not serving, was still admissible. In *McGinnis v. State*, 460 S.W.2d 690 (Mo.1970), the Supreme Court was confronted with a situation similar to this.

There, defendant had pleaded guilty to three felonies in Franklin County in 1961 and was sentenced to serve three consecutive ten year sentences. He escaped in 1967 from confinement, while he was serving the last sentence. The state introduced a certified copy of the judgment from Franklin County which established all three felonies. The Court found the certified copy of the judgment was admissible because it established commitment and custody. *See State v. Willis*, 602 S.W.2d 9, 10–11 (Mo.App.1980). Here, Exhibit 3 established that defendant was serving a sentence for a felony and it is therefore admissible. Moreover, even if it were inadmissible, it could not have been prejudicial. The evidence of defendant's guilt was overwhelming. Defendant represented himself at trial with appointed counsel serving in a standby capacity. Defendant made an opening statement in which he admitted he and his wife left the concert and subsequently left the State of Missouri. He made a similar admission in closing argument. His only witness was his wife, who testified to the same effect. Neither could the exhibit have influenced the jury in sentencing, because this was done by the court. We find no merit to defendant's point.

He further complains that the court erred in submitting to the jury Instruction No. 5, the verdict director, because it required the jury to find that on "or about March 17, 1983, ... the defendant was serving a sentence after conviction for *rape and robbery*, and escaped from confinement...." (emphasis added). Again, defendant urges that this placed the unrelated rape conviction before the jury. It is, of course, well settled that any fact submitted for finding by the jury must have evidentiary support. *State v. Scott*, 230 S.W.2d 764, 767 (Mo.App.1950). As already noted, defendant was serving a sentence only for robbery at the time of the escape. It was error for the instruction to refer to the rape sentence. However, its prejudicial effect is to be judicially determined. Rule 28.02(e).

 Since, the fact of defendant's conviction for rape was already before the jury, reference to it in the jury instruction was merely cumulative and therefore harmless. Moreover, the unsupported submission was unnecessary to a finding of defendant's guilt. If defendant was serving a sentence for any felony and escaped from confinement, he was guilty of a class D felony. The jury by its verdict necessarily found that defendant was serving a sentence for robbery which is all that was needed to support the conviction. *State v. Williams*, 630 S.W.2d 117, 120 (Mo.App. 1981). We find no merit to this point.

Finally, defendant contends that the trial court erred in permitting him to proceed with only standby or advisory counsel without advising him of the problems and difficulties of self-representation. Defendant was represented before trial by a public defender. On the morning of trial, after argument of pre-trial motions, defendant requested to proceed *pro se*. However, after a short discussion, he agreed that his appointed counsel would sit at counsel table, and serve in a standby capacity. The trial court explained to defendant that he would be bound by the rules and laws of evidence and would be compelled to act just like a lawyer. His counsel did file and argue several pre-trial motions and filed a motion for a judgment of acquittal, a motion for new trial and a notice of appeal. His counsel handled the instruction conference and was available for consultation throughout the trial.

In hybrid representation cases such as this, it is not uncommon for the trial court to administer a warning of the perils of self-representation whether or not the warning is mandatory. This is certainly the better practice. *See State v. Edwards*, 592 S.W.2d 308, 311 (Mo.App.1979). In *Edwards*, the Southern District held that defendant having requested and received hybrid representation, did not waive his right to counsel, but in fact exercised it, and "the trial court did not err in failing to warn defendant of the perils of self-representation." 592 S.W.2d at 312. We find

*Edwards* controlling in these circumstances and find no merit to defendant's point.

Affirmed.

KAROHL, P.J., and CRANDALL, J., concur.