STATE of Missouri, Respondent,

v.

Willie James McGREGORY, Appellant.

No. 49364.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 1, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Nov. 21, 1985.

Application to Transfer Denied
Dec. 17, 1985.

John Putzel, Arthur H. Nissenbaum, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction of escape from confinement, § 575.210 RSMo 1978. The trial court sentenced defendant to two years' imprisonment as a prior and persistent offender. We affirm.

On October 22, 1982, defendant was convicted of manslaughter, and sentenced to a five year term of imprisonment. Defendant was transferred from the State Correctional Pre-Release Center in Tipton to the St. Mary's Honor Center in St. Louis on July 6, 1983.

On January 6, 1984, defendant left St. Mary's without permission. On January 10, 1984, detectives arrested defendant at his home. Upon his arrest, defendant stated he was "fed up" with what they were putting him through at St. Mary's, and intended to visit with his family and then go to California. Defendant testified at trial he left St. Mary's without authorization of prison officials.

In his sole point on appeal, defendant asserts the trial court erred when it overruled defense objections to allegedly inflammatory and prejudicial remarks made by the prosecutor during closing arguments. During his closing argument, the prosecutor stated:

This man was convicted after a trial by jury of manslaughter. He's not there

because of conduct violations, he's there because he killed someone.

The crime for which defendant was previously convicted and confined is a jury issue which must be proved. *State v. Willis*, 602 S.W.2d 9, 10–11 (Mo.App.1980). Because the escape from confinement statute differentiates between escapees convicted of felonies and those convicted of other offenses, it was not improper for the prosecutor to mention defendant was convicted of manslaughter, a felony. Section 575.210.2(2)(a), RSMo 1978; *State v. Willis, supra.* The only question, therefore, is whether the prosecutor's additional comment defendant "killed someone" prejudiced defendant in the jury's determination of his guilt or innocence.

The trial court has broad discretion in determining the propriety of closing arguments. *State v. Davis*, 653 S.W.2d 167, 176 (Mo. banc 1983). In the present case, we find no abuse of this discretion. It is common knowledge the word "manslaughter" means the taking of a human life. While excessive detailing of the prior conviction would be inappropriate, *State v. Kirksey*, 658 S.W.2d 60, 61 (Mo.App.1983), the prosecutor's argument in the case at bar was not inflammatory. Furthermore, the jury determined only the guilt of defendant, not punishment. *See State v. Willis, supra.*

Judgment affirmed.

DOWD and CRANDALL, JJ., concur.