Joseph W. **LEADY**, Movant,

v.

**STATE of Missouri**, Respondent.

No. 50905.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 12, 1986.

Henry Robertson, Office of the Public Defender, St. Louis, for movant.

Timothy W. Anderson, Office of the Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant appeals from the dismissal of his Rule 27.26 motion, without an evidentiary hearing. We reverse and remand.

Movant was convicted, after a jury trial, of escape from confinement, a violation of § 575.210, RSMo 1978, and sentenced as a persistent offender to ten years imprisonment. The sentence was affirmed on direct appeal. *State v. Leady,* 679 S.W.2d 292 (Mo.App.1984).

Movant filed a Rule 27.26 motion to vacate the sentence in his escape conviction alleging, inter alia, that he was denied effective assistance of counsel. The Court dismissed movant's motion, adopting by reference the State's motion to dismiss as its findings of fact and conclusions of law.

Movant's single point on appeal combines three contentions. He argues that the trial court erred: (1) "because findings of fact and conclusions of law may not be supplied by reference to the State's motion to dis-

miss"; (2) because the motion contained unrefuted allegations of fact sufficient to state a claim for relief on the question of ineffective assistance of counsel; and (3) movant was thereby prejudiced. We first consider whether the trial court's order complies with Rule 27.26(i) which requires findings of fact and conclusions of law on all issues presented, whether or not a hearing is held.

> In ruling on the motion, whether with or without an evidentiary hearing, the court shall follow rule 27.26(i) and make findings of fact and conclusions of law on all issues presented. Only if that is done can the appellate court make the kind of review contemplated by rule 27.-26(j).... *Nor will findings and conclusions be supplied by implication from the trial court's ruling. Specific findings and conclusions are contemplated and required.* (emphasis added).

*Fields v. State,* 572 S.W.2d 477, 483 (Mo. banc. 1978).

■ Here the trial court's method of complying with the requirements of Rule 27.26(i), while not per se clearly erroneous, is of doubtful utility. *Compare Brauch v. State,* 611 S.W.2d 406 (Mo.App.1981). The preferable practice is for the trial court to prepare its own findings of fact and conclusions of law so as to better insure that all issues raised are addressed and that erroneous allegations of fact or law made in a State's motion are not incorporated into a court order.

■ We turn now to the dispositive issue on this appeal. In *State v. Leady,* 679 S.W.2d 292 (Mo.App.1984) we held that movant had not proceeded pro se at trial but in fact was represented by counsel, albeit "hybrid representation." *Leady* properly did not address the question of ineffective assistance of counsel. The State's argument that the issue was decided on direct appeal is therefore without merit. Since the trial court, in its order, failed to directly address the contention of ineffective assistance of counsel we reverse and remand.

The order of the trial court is reversed and the cause is remanded with directions to enter specific findings of fact and conclusions of law on all issues raised in movant's Rule 27.26 motion or, in the alternative, to grant an evidentiary hearing.

KELLY and PUDLOWSKI, JJ., concur.