Joseph W. LEADY, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 52451.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 21, 1987.

Joseph William Leady, Jefferson City, pro se.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

For a second time, movant appeals denial of motion for post conviction relief under Rule 27.26 without an evidentiary hearing. Movant's first appeal resulted in a mandate from this court that the trial court enter specific findings of fact and conclusions of law on all issues raised in movant's Rule 27.26 motion or, in the alternative, grant an evidentiary hearing. *Leady v. State,* 714 S.W.2d 221 (Mo.App.1986). On remand the motion court entered findings of fact, conclusions of law and an order denying relief. No evidentiary hearing was held. The operative facts for the charge and conviction of movant for escape from confinement in violation of Section 575.210 RSMo 1978 may be found in our opinion which affirmed the conviction. *State v. Leady,* 679 S.W.2d 292 (Mo.App.1984).

Movant's pro se motion claimed: (a) ineffective assistance of counsel; (b) error in failing to suppress defendant's statements; (c) error in refusal to grant a continuance in order that movant could confer with counsel and properly prepare a defense; and, (d) improper application of the persistent offender statute in sentencing. The only claim of error now argued relates to the claim of ineffective assistance of counsel. Movant relies on the following claim:

THE TRIAL COURT CLEARLY ERRED IN DENYING APELLANT'S [sic] RULE 27.26 MOTION WITHOUT AN EVIDENTIARY HEARING BECAUSE APPELLANT ALLEGED UNREFUTED FACTS WHICH ARE CONFIRMED BY THE RECORD, SHOWING INEFFECTIVE ASSISTANCE OF COUNSEL WHICH RESULTED IN AN INVOLUNTARY WAIVER OF THE RIGHT TO COUNSEL, IN THAT THE APPOINTED ATTORNEY WAS ADMITTEDLY UNPREPARED TO TRY THE CASE AND APPELLANT, WITHOUT MAKING A FULLY INFORMED WAIVER, CHOSE TO REPRESENT HIMSELF IN THE BELIEF THAT HE HAD NO EFFECTIVE ALTERNATIVE.

The motion court considered movant's pro se motion which alleged:

Prior to trial Movant had made repeated efforts to get Mr. Babione to visit and confer with him in preparation of his defense. All such efforts were fruitless in the face of many telephone calls requesting conference interviews.

Prior to trial of the case on September 6, 1983 Movant had been able to spend only a few scattered minutes with Mr. Babione in the corridors of the St. Louis County Courthouse, Clayton. These interviews were abrupt and interrupted at times with less than 10 minutes conference. There was no opportunity to sit down and conduct an in depth confidential conference. The evening prior to trial Mr. Babione sat down for only a few minutes with Movant and at the time *admitted that he was not prepared to really take the case to trial.* He had had no opportunity to discuss potential testimony of witnesses favorable to Movant. He had had no time to investigate the evidence in the case or a potential defense. He was not prepared to go before the Court and properly argue any motion to suppress filed at the very last moment. In the trial transcript of the pre-trial conferences with the Court and Prosecutor it is more than obvious that Mr. Babione was totally unprepared to represent Movant on trial of his case.

There is no question that *Movant was backed into a corner and forced to represent himself* at trial with Mr. Babione sitting mute at counsel table. Mr. Babione only had a vague idea of the type of questions to ask the various witnesses who would testify in the case. Movant was forced to represent himself with the utmost reluctance when the Court refused to grant any motion for a continuance in order that Movant could confer and better prepare his defense. (our emphasis)

The motion court expressly considered the allegations above recited, took judicial notice of its own records, conferred with attorneys, offered movant an opportunity to file an amended motion and considered the entire trial record. It entered the following findings on the issue of ineffective assistance of counsel:

The claim of ineffective assistance of counsel, and the facts alleged in support thereof, is inconsistent with, and refuted by the trial court record:

(a) There was "hybrid representation." Defendant claims he was forced to represent himself. Defendant "wanted to represent himself." He waived his right to counsel other than to provide assistance at trial. He acknowledged that he had prior trial experience. At no time did defendant indicate or otherwise state that he was compelled to represent himself due to the ineffectiveness of appointed counsel.

(b) Appointed counsel first appeared on May 26, 1983. He completed discovery, conferred with defendant for about two and one half hours the day before trial and on other occasions including July 12, 1983. He presented pre-trial motions, sat with and assisted defendant at trial as requested. He prepared and filed post trial motions.

On these findings the court concluded that the record refutes the factual allegations contained in movant's motion.

The findings of fact of the motion court are not responsive to movant's claim that appointed trial counsel was not prepared for trial. The motion court does not find

that he was prepared or that meaningful representation was available to defendant under the standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2068, 80 L.Ed 2d 674 (1984) or *Seales v. State,* 580 S.W.2d 733, 735–736 (Mo. banc 1979). The motion asserts that movant made repeated efforts to get appointed counsel to visit and confer with him, but that the efforts were "fruitless in the face of many telephone calls requesting conference interviews"; that before trial movant spent "only a few scattered minutes" with counsel and that interviews were "abrupt and interrupted at times with less than ten minutes conference." Movant alleges that he had no opportunity to discuss potential testimony of witnesses favorable to movant. With this background movant alleges he was "backed into a corner and forced to represent himself at trial." Findings of the motion court that defendant "wanted" to represent himself and waived his right to counsel other than to provide assistance at trial are not responsive to the claim that this circumstance was forced upon movant by ineffective assistance of counsel. Even if the motion court is correct that defendant did not indicate or otherwise state he was compelled to represent himself at the time of trial, the allegation in the Rule 27.26 motion requires the court to inquire and determine the validity or invalidity of that claim. Further, the trial record does not support a finding of informed waiver.

■ The question remains whether movant was prejudiced at trial because of ineffective assistance of counsel. Both the fact of ineffective assistance and prejudice must be alleged and proven if movant is to prevail. *Seales v. State,* 580 S.W.2d at 735–736. The trial court has made no finding on the issue of prejudice. This failure is related to a failure to find whether or not movant was, as alleged, permitted only a few scattered minutes with appointed counsel under circumstances which were abrupt and interrupted at times, permitted no opportunity to discuss potential testimony of witnesses favorable to movant and as a result, was backed into a corner and forced to represent himself at trial. Contrary to the assertions of the state these allegations were matters of fact and not merely conclusions. The state argues that the record offers no hint that appellant had no alternative but to defend himself, but shows that movant made a conscious, voluntary decision to defend himself. Even if these points are correct they are not dispositive in the face of factual allegations of the failure of appointed trial counsel to adequately prepare for trial. Because the motion court elected not to have an evidentiary hearing on these factual allegations any deficiencies in the record are not chargeable to movant. In order to avoid the necessity of an evidentiary hearing the record must refute the allegations. Rule 27.26(e). The state's position that the allegations are merely conclusory is not well taken. If that were true, then movant was entitled to the assistance of counsel in preparing and filing an amended motion. Rule 27.26(h). The trial court proceeded on the basis of the pro se motion and apparently concluded that sufficient facts were alleged.

■ We are unable to find, as a matter of law, that if the allegations of ineffective assistance of counsel are supportable by evidence, movant's trial was free of prejudice. The sixth amendment contemplates "meaningful adversarial testing" of the state's case which is not accomplished merely by nominal counsel. *State v. Harvey,* 692 S.W.2d 290, 292 (Mo. banc 1985). The right to counsel is of constitutional dimension. *State v. Dowdell,* 583 S.W.2d 253, 255–256 (Mo.App.1979). It is protected by statute, Section 545.820 RSMo 1978 and S.Ct.Rule 31.02(a). A valid waiver of counsel pre-supposes a choice between viable alternatives, which appellant alleges he was denied. We observe that the motion court made no findings on the circumstances under which movant elected to proceed pro se, the degree of preparedness of appointed counsel, or whether appellant was advised of the dangers and disadvantages of self-representation as required to support a finding of waiver. *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *State v. Quinn,* 565 S.W.2d 665 (Mo.App.1978). In

movant's direct appeal we held that the trial court did not err in failing to warn movant of the perils of self-representation where counsel was available during trial. The basis of that holding was that movant did not waive his right to counsel. But the motion court in its findings of fact finds that he did. This finding is erroneous and contrary to our holding on direct appeal. A waiver under duress or when "backed into a corner" will not excuse ineffective assistance of appointed counsel. Finally, the finding of the trial court that defendant did not claim duress at trial does not disprove the allegation. Lack of experience of a pro se defendant will explain the failure to make an adequate record at trial. The purpose of a 27.26 motion is to consider such claims.

 Because the findings of fact on remand are inadequate to address the factual claims of ineffective assistance of counsel in movant's pro se motion, we conclude that an evidentiary hearing is required. We reverse and remand for an evidentiary hearing only on the allegations of ineffective assistance of counsel. We affirm the findings, conclusions and judgment of the motion court rejecting all other allegations made in the motion for post conviction relief.

PUDLOWSKI, P.J., and CRANDALL, J., concur.