**Joseph W. LEADY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54418.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 18, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 11, 1989.

Application to Transfer Denied
Feb. 14, 1989.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before CRANDALL, P.J., and REINHARD and CRIST, JJ.

CRIST, Judge.

Movant appeals the denial of his 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of escape from confinement, § 575.210, RSMo 1986, and sentenced to ten years' imprison-ment as a persistent offender. That judgment was affirmed on direct appeal. *State v. Leady,* 679 S.W.2d 292 (Mo.App.1984). Movant's motion for post-conviction relief under Rule 27.26 was dismissed without an evidentiary hearing. That order was reversed and remanded with directions to the motion court to enter specific findings of fact and conclusions of law or, in the alternative, to grant an evidentiary hearing. *Leady v. State,* 714 S.W.2d 221, 222 (Mo. App.1986). The motion court then entered findings of fact and conclusions of law, again dismissing movant's motion without an evidentiary hearing. This decision was reversed and remanded for an evidentiary hearing on movant's allegations of ineffective assistance of counsel. *Leady v. State,* 733 S.W.2d 502, 505 (Mo.App.1987).

An evidentiary hearing was held on September 2, 1987. Both movant and the attorney who was appointed to represent him at his original trial testified. The motion court denied movant's 27.26 motion for the reason movant's claims of ineffective assistance of counsel were not supported by credible evidence. It is from that third denial of relief that movant now appeals. Movant asserts he was denied effective assistance of counsel and that denial forced him to waive his right to counsel. More specifically, movant argues his counsel was unprepared to try his case because he had failed to interview the witnesses whose names movant had supplied him with and then unsuccessfully moved for a continuance. Movant contends his counsel's deficiencies forced him to represent himself.

Movant was represented before trial by a public defender. On the morning of trial, movant requested to represent himself, but after a discussion, agreed to have counsel present at the trial in a standby capacity. His counsel filed and argued several pretrial motions, was available to movant throughout the trial, participated in the instruction conference, and filed a motion for a judgment of acquittal, a motion for new trial, and a notice of appeal. As we stated in movant's direct appeal, movant requested and received hybrid representation and did not waive his right to counsel.

*State v. Leady,* 679 S.W.2d at 294[5]. Thus movant's argument regarding the involuntary waiver of his right to counsel is not appropriate.

■ The real issue in this case is whether movant was denied effective assistance by his standby counsel. Movant contends his counsel was deficient in failing to interview the witnesses movant proposed to use at trial. In order to prevail on a claim of ineffective assistance of counsel for failure to interview witnesses, movant must prove the witness' testimony would have provided him with a defense to the crime charged. *Moore v. State,* 754 S.W.2d 40, 41 (Mo.App. 1988). In this case, it is clear movant failed to satisfy this requirement.

■ Both movant and his counsel testified the proposed witnesses would have testified regarding movant's unfair denial of parole after his expectations had been raised concerning the same. Movant's proposed defense was that his disappointment in the denial of parole and the fact that he got married with the expectation of parole being granted negated his intent for the crime of escape. Although movant's counsel endorsed these witnesses, the trial judge properly prevented their testimony on the ground of relevance. *See State v. Moore,* 621 S.W.2d 107, 108–09[2] (Mo.App. 1981). Although movant's counsel did not interview these witnesses, he stated that he would have done so had they been allowed to testify. Movant's counsel was not deficient in failing to interview witnesses whose proposed testimony was irrelevant to movant's case.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.