STATE of Missouri, Plaintiff-Respondent,

v.

Tommie Lee HAYNES,
Defendant-Appellant.

No. 36302.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 16, 1975.

**12**

Charles D. Kitchin, Public Defender, Thomas J. Prebil, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforty, Atty. Gen., Preston Dean, Paul Otto, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., William M. Frain, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

RENDLEN, Judge.

Defendant was charged by amended information with Burglary Second Degree, § 560.070 RSMo 1969, V.A.M.S., and one prior felony conviction. Following the jury's guilty verdict, he was sentenced by the court to six years imprisonment, § 556.-280 RSMo 1969, V.A.M.S., and now appeals. We affirm.

As sufficiency of the evidence is not challenged, our statement of facts will be brief. In the early morning of October 22, 1973, Joseph Ellington, a taxi driver with the Laclede Cab Company, driving east on Maryland Avenue, noticed broken glass on the sidewalk by "Saks Fifth Avenue." As he passed the store, he looked in and saw defendant with another man reaching into a display counter. Apparently seeing Mr. Ellington, they promptly left the store going west on Maryland. The defendant was carrying a paper bag. Ellington made a u-turn and followed them, turning north on Kingshighway. He flagged down Officer Kwasky of the St. Louis Police Department who arrested the defendant and Peter Cohen. Kwasky advised defendant of his rights and returned him to the scene of the burglary. Defendant, in the presence of Officer Kwasky, the manager of Saks, and two other police officers admitted having broken into the store to get money. The paper bag which defendant carried when arrested contained Saks' merchandise valued at approximately $2,000. At trial, defendant denied having committed the burglary, making the confession, or possessing the paper bag.

Defendant first contends the court erred denying his motion for a mistrial after Officer Philip Kwasky testified to defendant's statement that he had "just gotten out of the pen." A reading of the transcript reveals that the answer was an unsought response to a question designed to elicit testimony as to defendant's burglary confession. Defendant asserts this was prejudicial evidence of other crimes. We note, however, defendant made no objection to the testimony when offered. The answer was not pursued or emphasized by the prosecution. When the next witness Robert Hutson began to testify on the same subject, the court called counsel to the bench and cautioned the prosecutor, out of the jury's hearing, to guard against any repetition of the statement else he would declare a mistrial.

Only after a third witness testified to the defendant's confession did defense counsel belatedly object and request a mistrial. The request was overruled as untimely. "A claim of prejudicial error concerning the admission of testimony to which no objection was made at the earliest opportunity after grounds for the objection become apparent cannot be considered on appeal because it is not properly preserved for review." *State v. McClure*, 504 S.W.2d 664, 668[6] (Mo.App.1974); *State v. Simmons*, 500 S.W.2d 325, 328[2–6] (Mo.App.1973); *State v. Jackson*, 500 S.W.2d 306, 314[15] (Mo.App.1973). Since appellant made no timely objection to the testimony, nothing has been preserved for review. We find nothing in the evidence or the manner in

which it was elicited and used which constitutes plain error resulting in manifest injustice or miscarriage of justice. Rule 27.-20(c), V.A.M.R.

Defendant next asserts four errors in connection with the prosecution's closing argument, which we shall designate his points two through five: (2) the prosecutor misstated the evidence several times; (3) the prosecutor used the argument, "If ever I heard a better case made of burglary second . . ."; (4) the prosecutor told the jury they were not to consider punishment, that the court would do that; and (5) the above errors cumulatively prejudiced the defendant so as to require reversal even if they do not individually. We consider these contentions relative to closing argument in the order raised.

■ Point (2) is not preserved for appeal because appellant failed to include the alleged errors in the motion for a new trial. Rule 27.20(a). *State v. Peterson,* 518 S.W.2d 1, 3[2] (Mo.1974); *State v. Pauley,* 515 S.W.2d 824, 826[8] (Mo.App.1974). Our examination of the record as to this contention discloses no plain error. Rule 27.20(c).

■ Defendant next contends the court erred in refusing to grant a mistrial when the prosecutor stated, "As I said, ladies and gentlemen, all we can produce is testimony and evidence, and I believe that the State has in an abundance an overwhelming amount. If ever I heard a better case made of burglary second—" Defendant suggests the last partially completed sentence of the statement violates the "well-settled rule" that a prosecutor may not argue his personal belief that the defendant is guilty, citing *State v. Sinovich,* 329 Mo. 909, 46 S.W.2d 877, 881[17] (1931). However, the complete and correctly stated rule is that the prosecutor cannot "express to the jury in argument his belief of the defendant's guilt in such a way that it implies knowledge on his part of facts not in evidence pointing to such guilt . . . But it is equally well settled that a statement by the prosecuting attorney in argu-

ment indicating his opinion that the accused is guilty, where it is apparent that such opinion is based on the evidence in the case, is permissible . . ." *State v. Chester,* 445 S.W.2d 393, 399[8, 9] (Mo.App.1969); *State v. Rentschler,* 444 S.W.2d 453, 456–7[8] (Mo.1969); *State v. Jackson,* 499 S.W.2d 467, 471[3] (Mo.1973). The transcript reveals the alleged prejudicial remark followed a review of the evidence and was in the nature of summing up. This seems a permissible argument for the prosecutor to make. In any event the defendant's objection to the argument was sustained and the jury instructed to disregard the prosecutor's statement. Under the circumstances, denial of a mistrial was clearly within the sound discretion of the trial court; there was no error. *State v. Taylor,* 508 S.W.2d 506, 514[16, 17] (Mo.App.1974); *State v. Laster,* 365 Mo. 1076, 293 S.W.2d 300, 306 (banc 1956) cert. den. 352 U.S. 936, 77 S.Ct. 237, 1 L.Ed. 167 (1956).

■ Defendant as Point (4) argues it was error for the prosecutor to tell the jury it was not to consider punishment as that issue was for the judge. In his brief, defendant fails to state what actions or rulings by the trial court are to be reviewed and thus does not comply with Rule 84.-04(d), V.A.M.R. While it is erroneous to inform the jury that the case is being tried under the "Habitual Offender Act," *State v. Martin,* 506 S.W.2d 473, 474[4] (Mo.App. 1974), it seems clear from the cases that the offending act is mentioning the highly prejudicial name of the statute. Telling the jury that the court will sentence the defendant if found guilty and even that the prosecutor will ask for the maximum, is not reversible error where the prejudicial tag "habitual offender" is not attached to the defendant. See also *State v. Sims,* 395 S.W.2d 445, 452[18] (Mo.1965).

■ Finally defendant asserts as Point (5) that cumulatively these errors denied the defendant a fair trial. Again defendant's point fails to state what rulings or actions of the trial court are to be re-

viewed, 84.04(d), V.A.M.R. As we found no significant individual error, we also find no cumulative error sufficient to justify reversal. The trial court has wide discretion in controlling the arguments of counsel, *State v. Hill,* 328 S.W.2d 656, 660[7] (Mo.1959), and will be reversed only for abuse of that discretion. *State v. Taylor,* 508 S.W.2d 506, 514[15] (Mo.App.1974). The record in the case at bar reveals that the trial court conscientiously acted to control the argument of the prosecutor. The only relief asked for, which was not granted, was a mistrial. We find no evidence of abuse of discretion in this case.

Affirmed.

WEIER, P. J., and DOWD, J., concur.