Blake Edward ANDERSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 45599.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 25, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied
March 17, 1983.

Application to Transfer Denied
April 26, 1983.

Springfield Baldwin, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

CRANDALL, Presiding Judge.

Movant appeals from the trial court's denial of post-conviction relief under a Rule 27.26 motion after an evidentiary hearing. Movant pled guilty to possession of more than 35 grams of marijuana, a Schedule I controlled substance, § 195.200, RSMo (1978); movant was sentenced to fifteen years imprisonment and was placed on five years probation. In a separate proceeding, movant pled guilty to possession of phencyclidine, a Schedule III controlled substance, § 195.240, RSMo (1978), and possession of lysergic acid diethylamide, a Schedule I controlled substance, § 195.200, RSMo (1978); he received a suspended imposition of sentence and was placed on five years probation. Thereafter, movant's probation was revoked, and he was sentenced to three concurrent fifteen year terms.

Movant first contends that the trial judge who sentenced him failed to honor a plea bargain whereby movant would have received a maximum of three five-year concurrent sentences and probation for the three convictions. Movant further contends that the trial judge failed to inform him of the burden of proof at the time that he took movant's pleas of guilty. Movant did not raise these issues in his Rule 27.26 motion or in his Rule 27.26 hearing which dealt with various allegations of ineffective assistance of counsel. If issues are not presented to the trial court in the motion to set aside the convictions and the hearing did not focus in on the issues, they may not be considered on appeal. *Parton v. State*, 545 S.W.2d 338, 341 (Mo.App.1976).

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.