Leroy WALKER, Appellant,

v.

**STATE of Missouri, Respondent.**

**No. 50144.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Jan. 21, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied
July 1, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Linda Vespereny, Public Defender, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

In 1980 a jury found movant-defendant Leroy Walker guilty of kidnapping, rape and robbery. The trial court sentenced him to concurrent 15 year prison terms. We affirmed in *State v. Walker*, 639 S.W.2d 854 (Mo.App.1982).

Parenthetically we note defendant was tried and appealed jointly with Albert Schliecher.

After an evidentiary hearing in 1985 the motion court denied defendant's multi-ground Rule 27.26 motion. He now appeals on two grounds. We consider them in turn.

First defendant contends the motion court erred in denying the contention his trial counsel was ineffective in selecting the jurors. To this the state responds defendant's point was not preserved by his motion, and even so it challenges counsel's unappealable trial strategy decision.

■ It is fundamental that issues not raised in Rule 27.26 motion may not be considered on appeal. *Anderson v. State*, 647 S.W.2d 883[1] (Mo.App.1983). Even looking for merit in defendant's challenge we find no showing any venireman was prejudiced against defendant. So defendant's point is devoid of merit. For discussion of such an unspecified challenge see *State v. Johnson*, 637 S.W.2d 290[1–5] (Mo. App.1982).

By his other point defendant contends the motion court erred in not finding defense counsel was ineffective in not calling Paul Hinton and Thomas Maddox as defense witnesses. Defendant called neither Hinton nor Maddox to testify at the evidentiary hearing. There he relied on his own testimony as to what the two men would have said.

Defense counsel Putzel testified he had interviewed proposed witness Maddox and believed he would have made a bad witness. Mr. Putzel could not recall talking to proposed witness Hinton "but if he did not it was because he would have made a bad witness."

■ In denying defendant's Rule 27.26 motion the court relied on *Eldridge v. State*, 592 S.W.2d 738[1–3] (Mo. banc 1979). That case holds when trial counsel, as here, believes a proposed witness would not unqualifiedly support defendant's position not calling that witness is permissible trial strategy. So it was here.

We deny defendant's points relied on. Affirmed.

KELLY, P.J., and KAROHL, J., concur.