STATE of Missouri, Respondent,

v.

Christopher F. TAYLOR, Appellant.

No. 68468.

Supreme Court of Missouri,
En Banc.

March 17, 1987.

Bruce W. Simon, Kansas City, for appellant.

William L. Webster, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

WELLIVER, Judge.

Appellant, Christopher F. Taylor, was convicted of sodomy and attempted rape by the Circuit Court of Jackson County on April 10, 1985. Taylor appeals, alleging that the marital exceptions of the rape and sodomy statutes, §§ 566.030.3 and 566.060.-3, RSMo 1986, violate the Fourteenth Amendment Equal Protection Clause.

Appellant appealed to the Court of Appeals, Western District, which determined that it was without jurisdiction to proceed and transferred the cause to the Supreme Court pursuant to the Missouri Constitution, Article V, Section 11. We have exclusive appellate jurisdiction in cases involving the validity of our statutes. Mo. Const. art. V, § 3. We find no constitutional infirmity and affirm the conviction.

I

In October 1981, appellant moved in with his girlfriend, Brenda Saunders, and her three children, Crystal, Stacey and Christy, who at trial were age fifteen, twelve, and eight, respectively. In May 1984, appellant moved from the Saunders home and Brenda Saunders reported to police that appellant had been sexually abusing her daughter, Stacey.

Stacey testified that on five or ten separate occasions, appellant put lotion on her "private parts," told her to put lotion on his "private parts," and would "try to stick his thing" in her. On one occasion, Christy noticed appellant and Stacey in her mother's bedroom and saw that appellant "was tying back up his robe, and Stacey was putting back on her underwears [sic]." Appellant was sentenced to consecutive sentences of five years for sodomy and one year for attempted rape.

II

Appellant claims that the marital exceptions of §§ 566.030.3 and 566.060.3 are violative of the Equal Protection Clause of the Fourteenth Amendment. Since appellant alleges neither infringement of a fundamental right, nor discrimination on the basis of a suspect classification, the rational basis test, not heightened scrutiny, governs our Equal Protection analysis. *See, e.g., Western & Southern Life Ins. Co. v. State Board of Equalization,* 451 U.S. 648, 668, 101 S.Ct. 2070, 2083, 68 L.Ed.2d 514 (1981); *Minnesota v. Clover Leaf Creamery Co.,* 449 U.S. 456, 461–63, 101 S.Ct. 715, 722–23, 66 L.Ed.2d 659 (1981).

■ Under the rational basis test, "a statute will be sustained if the legislature could have reasonably concluded that the challenged classification would promote a legitimate state purpose." *Exxon Corp. v. Eagerton,* 462 U.S. 176, 196, 103 S.Ct. 2296, 2308, 76 L.Ed.2d 497 (1983) (citations omitted). "[I]f the State's purpose is found to be legitimate, the state law stands as long as the burden it imposes is found to be rationally related to that purpose, a relationship that is not difficult to establish." *Metropolitan Life Ins. Co. v. Ward,* 470 U.S. 869, 881, 105 S.Ct. 1676, 1683, 84 L.Ed.2d 751 (1985) (citations omitted). "[The] legislative classification must be sustained unless it is 'patently arbitrary' and bears no rational relationship to a legitimate governmental interest." *Frontiero v. Richardson,* 411 U.S. 677, 683, 93 S.Ct. 1764, 1768, 36 L.Ed.2d 583 (1973) (citations omitted). Section 566.030.3 provides, "A person commits the crime of rape if he has

sexual intercourse [1] with another person *to whom he is not married* who is less than fourteen years old." (Emphasis added.) Section 566.060.3 provides, "A person commits the crime of sodomy if he has deviate sexual intercourse [2] with another person *to whom he is not married* who is less than fourteen years old." (Emphasis added.)

Through these sections, the legislature promotes its interest in "protect[ing] women from sexual intercourse[, deviate sexual intercourse,] and pregnancy at an age when the physical, emotional, and psychological consequences are particularly severe." *Michael M. v. Superior Court of Sonoma County*, 450 U.S. 464, 464, 101 S.Ct. 1200, 1202, 67 L.Ed.2d 437 (1981) (upholding constitutionality of statutory rape statute).

■ The marital exceptions included in these statutes have a unique meaning by reason of the fact that they concern minors who are victims. Section 451.090.1, RSMo 1986, provides that the minor (victim) could have been married to the accused only upon a finding of such "unusual conditions as to make such marriage advisable" and upon formal order of the Court. We believe that the legislature could and did determine that it would be counterproductive to legitimize the sexual relationship between the minor and another by court order and then to try to place penal sanctions upon the other person for having a sexual relationship with the minor. We find this legislative determination to be neither an irrational nor a "patently arbitrary" means to promote the state's legitimate interests in the protection of the welfare of minors.

In dealing with a forcible rape statute, the Colorado Supreme Court held its marital exception to be constitutional in *People v. Brown*, 632 P.2d 1025, 1027 (Colo.1981) and *People v. Flowers*, 644 P.2d 916 (Colo. 1982). The United States Supreme Court dismissed the appeal in *Flowers* for want of a substantial federal question. *Flowers v. Colorado*, 459 U.S. 803, 103 S.Ct. 25, 74

L.Ed.2d 41 (1982). Conversely in *People v. Liberta*, 64 N.Y.2d 152, 485 N.Y.S.2d 207, 474 N.E.2d 567 (1984), the New York Supreme Court held the marital exception of its forcible rape statute to be unconstitutional. Because of the unique nature of a marriage of a minor and in light of the United States Supreme Court's dismissal of the appeal in *Flowers*, we hold that the marital exceptions to the non-forcible sexual offenses proscribed by §§ 566.030.3 and 566.060.3, RSMo 1986, do not violate the Equal Protection clause of the Fourteenth Amendment to the United States Constitution.

### III

Appellant sought to impeach the victim by asking Detective Angell to read the following portion of his interview with the victim, "Did you ever tell anyone about [the incidents] before now?" and the victim's response, "No." The state objected and appellant asserted that this hearsay was within the prior inconsistent statement exception to the hearsay rule. The trial court found that the impeachment lacked proper foundation and sustained the state's objection.

■ "Impeachment may be made only where the witness has been asked the specific question upon which he is sought to be discredited. *State v. Haynes*, 482 S.W.2d 444 (Mo.1972); *State v. Dent*, 473 S.W.2d 370 (Mo.1971); *State v. Hughes*, 460 S.W.2d 600 (Mo.1970). No proper foundation was laid for prior statement." *State v. Denmon*, 635 S.W.2d 345, 348 (Mo.1982). Here, the person sought to be impeached by the hearsay, Stacey Saunders, had not been questioned about the statement she made to Detective Angell. The trial court did not err in sustaining the state's objection.

### IV

Appellant alleges that the trial court erred in failing to instruct the jury as to his

---

**1.** 566.010.1 (1) **"Sexual intercourse"** means any penetration, however slight, of the female sex organ by the male sex organ, whether or not an emission results;

**2.** 566.010.1 (2) **"Deviate sexual intercourse"** means any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person;

general character for truth and veracity. Several persons were asked about and did testify as to the defendant's general reputation for truth and veracity. After approving other instructions offered by the state, the court had the following to say about MAI–CR2d 2.50:

> As to the instructions on character, we have discussed that and in view of the fact that we—that the evidence presented by the defendant did not raise a particular character trait as appropriate to this crime that is charged, the Court didn't think that the character instruction was appropriate, and the reading of it is rather nonsensical when applied to just truth and veracity. (Tr. 178–179).

Defense counsel indicated his approval of the court's remarks and added that the defendant was not offering the character instruction.

MAI–CR2d 2.50 provides that "Evidence has been introduced concerning the reputation of defendant as to those *traits of character which ordinarily would be involved in the commission* of an offense such as that charged in this case." (Emphasis added.) MAI–CR2d 2.50 then continues that such evidence should be considered by the jury in determining guilt or innocence. This instruction is required to be given if "necessary." MAI–CR2d 2.50, note 1; § 546.070(4), RSMo 1978. "In a criminal prosecution, the good character of a defendant is always admissible, but the law limits the inquiry in such cases to his general character as to the trait in issue." *State v. King,* 78 Mo. 555, 556 (Mo. banc 1883); *see generally* Wigmore on Evidence §§ 56, 59 (Tillers ed. 1983); McCormick on Evidence § 191 (2d ed. 1972).

■ General character for truth and veracity is not an element of, relevant to, or involved in the commission of these sexual offenses. The giving of MAI–CR2d 2.50 was not "necessary." There is substantial authority that the defendant cannot lull the trial court into not giving an instruction and then sandbag the court on appeal. *See, e.g., State v. Jefferson,* 426 S.W.2d 41 (Mo.1968). The trial court did not err in declining to instruct the jury as to appellant's character for truth and veracity.

## V

■ Appellant asserts that the trial court erred in denying him a fifth continuance to locate an expert witness. Appellant claims that the expert witness would have been used to determine the competency of Stacey and Christy Saunders.

> [T]he granting or denial of a motion for continuance is within the sound discretion of the trial court. *State v. Jordan,* 646 S.W.2d 747, 753 (Mo. banc 1983). A very strong showing is required to prove trial court abuse of discretion in denial of a motion for continuance, *State v. Cuckovich,* 485 S.W.2d 16, 21 (Mo. banc 1972), and the party requesting the continuance bears the burden of showing prejudice resulted by such denial. *State v. Haggard,* 619 S.W.2d 44, 46 (Mo. banc 1981), *cert. dismissed,* 455 U.S. 930, 102 S.Ct. 1297, 71 L.Ed.2d 474 (1982), *vacated and remanded on other grounds,* 459 U.S. 1192, 103 S.Ct. 1171, 75 L.Ed.2d 423 (1983).

*State v. Nave,* 694 S.W.2d 729, 735 (Mo. banc 1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1500, 89 L.Ed.2d 901. Here, the trial court granted four prior continuances. At least one of these continuances was granted for the specific purpose of enabling appellant to consult with potential expert witnesses, which he did. Appellant sought the fifth continuance to continue shopping for a favorable expert witness. Appellant has failed to show that the trial court abused its discretion by denying that fifth continuance.

The judgment is affirmed.

All concur.