Michael STEVENSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 54081.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 13, 1988.

Application to Transfer Denied
Nov. 15, 1988.

Dorothy Mae Hirzy, Sp. Public Defender, Janis C. Good, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Movant, Michael Stevenson, appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. Movant was convicted by a jury of stealing over $150.00 for which he was sentenced as a persistent offender to thirteen years imprisonment. This court affirmed the conviction on direct appeal. *State v. Stevenson*, 715 S.W.2d 1 (Mo.App., E.D.1986). In his Rule 27.26 motion movant alleged ineffective assistance of counsel resulting from counsel's alleged failure to present evidence to impeach the State's identifying witness. On appeal, movant argues that the motion court's findings and conclusions were clearly erroneous. We affirm.

Initially, we note the standard of review employed in evaluating movant's claim of error. Our determination is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 27.26(j). The motion court's findings and conclusions are clearly erroneous if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App., E.D.1986). In order to prove ineffective assistance of counsel, movant must not only show that trial coun-

sel's performance failed to rise to the level of reasonable professional standards, but also that the alleged ineffective assistance affected the outcome of the trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Bradford v. State,* 735 S.W.2d 118, 120 (Mo.App., E.D.1987). We next evaluate movant's claim in light of these principles.

Movant was convicted of stealing a video cassette recorder from Famous–Barr. Artemus Phillips, a security guard at Famour–Barr, testified at trial and identified movant as the man he saw run out of the Famous–Barr store with the VCR. Movant argues he received ineffective assistance in that his defense counsel failed to impeach Phillips' testimony with evidence to illustrate the bias and prejudice of Phillips.

Movant testified at the evidentiary hearing that Phillips held a grudge against him because of an earlier, unrelated altercation between Phillips and movant. Movant had been shopping with Coreaner Turner when movant got into an argument with Ms. Turner which resulted in movant slapping her. Several minutes later movant was arrested by security guards, but was later released when Ms. Turner declined to press charges. Movant claims that as he was being escorted from the store, Phillips stated that he was going to "get" movant. Ms. Turner was not present when Phillips allegedly threatened movant. Movant argues that counsel's failure to investigate and call Ms. Turner to testify constituted ineffective assistance. Movant's defense counsel testified at the evidentiary hearing that both he and the Public Defender's investigator spoke with Ms. Turner. Ms. Turner stated that she had no knowledge of the communications between movant and Phillips. Ms. Turner also adamantly indicated that she did not want to testify.

■ ‾If defense counsel believes that the testimony of a witness will not unqualifiedly support his client's position, it is a matter of trial strategy not to call that witness to the stand. *Walker v. State,* 715 S.W.2d 261, 262 (Mo.App., E.D.1986). Failure to call such a witness does not constitute ineffective assistance. *Id.* Further-

more, movant did not present the testimony of Ms. Turner at the evidentiary hearing nor did he indicate what her proposed testimony would be. Thus, movant has failed to show how he was prejudiced by the lack of Ms. Turner's testimony. *Smith v. State,* 736 S.W.2d 516, 517 (Mo.App., E.D. 1987).

Movant also argues that counsel's failure to subpoena records from Famous–Barr constituted ineffective assistance. Phillips testified at the preliminary hearing that he had recognized movant from previous arrests at Famous–Barr. An investigation of the records at Famous–Barr revealed no evidence to support Phillips' statement at the preliminary hearing regarding the prior arrests. Movant argues that counsel should have brought forth evidence at trial to impeach Phillips' preliminary hearing testimony. Phillips did not testify at trial regarding the alleged prior arrests at Famous–Barr.

■ " 'Impeachment may be made only where the witness has been asked the specific question upon which he is sought to be discredited.' " *State v. Taylor,* 726 S.W.2d 335, 337 (Mo. banc 1987) (quoting *State v. Denmon,* 635 S.W.2d 345, 348 (Mo.1982)). Thus, evidence of the absence of records to show movant had been previously arrested at Famous–Barr would have been proper impeachment only if defense counsel raised the issue and questioned Phillips regarding the alleged prior arrests. Aside from being of marginal relevance, this line of questioning would have placed evidence of other crimes or bad acts by movant before the jury. Defense counsel also testified at the evidentiary hearing that his investigation revealed Famous–Barr retained arrest records for only one year. The alleged prior arrests were more than one year before the investigation. Therefore, the impeachment value of this line of questioning was subject to being negated. It is clear from the record that counsel made a thorough investigation of the potential impeachment evidence and made a reasonable strategic decision to not pursue this line of questioning. *Williams v. State,* 736 S.W. 2d 509, 510 (Mo.App., E.D.1987).

Finding movant's argument to be without merit, we affirm.

KAROHL and GRIMM, JJ., concur.