**Ricky Lee GRUBBS, Plaintiff–Appellant,**

v.

**STATE of Missouri, Defendant–Respondent.**

No. 70693.

Supreme Court of Missouri,
En Banc.

Nov. 15, 1988.
Rehearing Denied Dec. 13, 1988.

Robert Wolfrum, Asst. Public Defender, St. Charles, for plaintiff-appellant.

William L. Webster, Atty. Gen., Jared R. Cone, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

HIGGINS, Judge.

Ricky Lee Grubbs was convicted by a jury of capital murder, .§ 565.001, RSMo 1978 (repealed effective 10–1–84), and sentenced to death, § 565.008, RSMo 1978 (repealed effective 10–1–84). The ensuing judgment was affirmed. *State v. Grubbs*, 724 S.W.2d 494 (Mo. banc 1987), cert. denied, —— U.S. ——, 107 S.Ct. 3220, 96 L.Ed.2d 707 (1987). Grubbs subsequently made a collateral attack on his conviction under Rule 27.26 alleging ineffective assistance of counsel and instructional error. The hearing court denied relief after an evidentiary hearing. The appeal to the Court of Appeals, Eastern District, was transferred to this Court. Judgment affirmed.

Movant alleges counsel was ineffective (1) for failing to present certain evidence in mitigation in the penalty phase of trial, (2) in failing to object and properly preserve objections to improper jury arguments by the prosecuting attorney, (3) in failing to strike a venireperson for cause because he was biased in favor of the death penalty, (4) for failing to properly make and preserve objections to testimony that his statement was the product of unlawful arrest and improper questioning, (5) in failing to object to testimony that he refused to make a statement, and (6) in failing to object to testimony regarding the blood on the carpet beneath the victim. Movant also alleges the trial court erred in failing to instruct on a lesser included offense of felony murder in the second degree.

The issue arising from these allegations is whether the denial of relief was clearly erroneous. Rule 27.26(j) (repealed effective 1–1–88); *Futrell v. State*, 667 S.W.2d 404, 405 (Mo. banc 1984). "Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the 'definite and firm impression that a mistake has been made.'" *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987), quoting *Stokes v. State*, 688 S.W.2d 19, 21 (Mo.App.1985).

"In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and (2) that he was thereby prejudiced." *Sanders* at 857; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 687 (1984).

I.

■ Movant argues that the hearing court erred in finding he was not deprived of effective assistance of counsel under the sixth and fourteenth amendments due to counsel's failure to present certain evidence in mitigation. The record demonstrates that trial counsel had good reason not to present the so-called evidence in

mitigation. Therefore, as a matter of trial strategy, the decision not to present the evidence will not support an ineffective assistance of counsel claim. *Strickland; Covington v. State,* 600 S.W.2d 186 (Mo. App.1980).

## II.

■ Movant claims the hearing court erred in holding he was not denied effective assistance of counsel when counsel failed to object or properly preserve objections to improper jury arguments by the prosecuting attorney regarding matters outside the record, parole and improper sentencing considerations. Discretion rests with the trial court in control of closing argument with wide latitude accorded counsel in their summations. *State v. Wood,* 596 S.W.2d 394, 403 (Mo. banc 1980), cert. denied, 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980). No abuse of discretion is shown.

## A.

■ Movant argues that during the guilt phase of his trial the prosecuting attorney argued to the jury that based upon his review of the report brought to him by law enforcement officials, he personally determined that enough evidence existed to support a charge. Movant alleges this was improper because the prosecuting attorney was making personal assurance of special knowledge in arguing that a conviction was supported by matters outside the evidence. The prosecuting attorney stated:

The police officers and deputies and law enforcement agencies investigate crimes and gather evidence to prosecute people who commit crimes. That's the first step, the investigating step and that's where the law enforcement officials come in. The second step is when they bring the evidence and their reports to me and I determine, as Prosecuting Attorney, whether or not we have enough evidence to go forward in the prosecution of a person for the crime that he has been charged with. That's the second step. When the prosecutor or other appropriate authority decides that there is

enough evidence and a charge is lodged against an individual then the third step takes place and that's the guilt or innocence phase.... But Mr. Grubbs, the defendant in this case, is presumed to be innocent until he is proven guilty. It's what we call the presumption of innocence.

No objection was made to this argument. In *State v. Roberts,* 709 S.W.2d 857 (Mo. banc 1986), cert. denied, 479 U.S. 946, 107 S.Ct. 427, 93 L.Ed.2d 378 (1986), a direct appeal of a death sentence case, this Court noted where no objection was made to closing argument, "trial strategy is an important consideration and such assertions are generally denied without explication." *Roberts* at 866. Whether counsel's failure to object was a matter of trial strategy in this case need not be reached, however, because the hearing court found that movant was not prejudiced or the outcome of the trial affected in any way. *Sanders* at 857; *Strickland* 466 U.S. at 687, 104 S.Ct. at 2064.

## B.

■ During the penalty phase of movant's trial the prosecuting attorney made the following argument:

Now, the alternative, the alternative to the death penalty and no doubt there is an alternative, life without parole for fifty years. On its face that sounds like serious punishment and if on its face it would stand on its face it would be. But you don't think about pardon, commutation—

At that point defense counsel objected on the ground of improper argument. The court sustained the objection and instructed the jury to disregard it. Defense counsel moved for a mistrial but the court refused a mistrial. The matter was not pursued in the motion for new trial. Also during closing argument of the penalty phase of movant's trial the prosecuting attorney argued:

Also, folks, you have to consider if you impose life without probation or parole for fifty years, Ricky Grubbs is going to see his family.... He's still got the

benefit of life. Jerry Thornton doesn't have that. Jerry Thornton doesn't have the benefit of being with his brother, his sister-in-law, his mother.

Defense counsel objected on the ground of no identification of the people in the courtroom. The court sustained the objection and instructed the jury to disregard it. No motion for mistrial was made and the matter was not pursued in motion for new trial.

Movant argues the failure to preserve the objections to these two arguments for appeal amounts to ineffective assistance of counsel and that had these arguments not been made, movant would not have received the death penalty. The hearing court found movant failed to demonstrate he was prejudiced by the above argument. Movant has not shown that, but for the presentation of the arguments above, he would not have received the death penalty. In each situation counsel objected and the court sustained the objection and instructed the jury to disregard the comment. "And it is presumed that the jury will properly follow the instructions as given." *State v. Preston,* 673 S.W.2d 1, 7 (Mo. banc 1984), cert. denied, 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984). Because of the presumption the jurors followed the court's instruction to disregard the arguments, the prejudice requirement of *Strickland* is not met and denial of relief on these grounds was proper. *Sanders,* at 857; *Strickland,* 466 U.S. at 687; 104 S.Ct. at 2064.

### C.

■ Movant argues trial counsel's failure to object to the statement of the prosecuting attorney during the penalty phase of his trial that, "[t]his is one of the most vicious attacks on an individual I've seen" denied him effective assistance of counsel. The state responds that this argument was appropriate because it was directed to the allegation of depravity in the penalty phase of the trial and supported by the record. The appropriateness of this isolated statement in the middle of a long closing argument merits consideration of competing principles. A prosecuting attorney may

not express an opinion implying awareness of facts not available to the jury. *State v. Moore,* 428 S.W.2d 563, 565 (Mo.1968). Balanced against this rule, however, is the proposition that the prosecuting attorney may state his conclusion if it is fairly drawn from the evidence, and his inferences need not seem necessarily warranted. *State v. Jackson,* 499 S.W.2d 467, 471 (Mo. 1973); *State v. Jones,* 491 S.W.2d 271, 273 (Mo.1973); *State v. Moore; State v. Haynes,* 528 S.W.2d 11, 13 (Mo.App.1975).

■ Here, the question of guilt had been decided. Only the questions of aggravation and mitigation going to the issue of punishment remained. The details of Jerry Thornton's murder are set forth in this Court's opinion in *Grubbs,* at 494, and need not be restated. The prosecuting attorney's statement was directed to the allegation of depravity, a condition which was supported by the evidence. The record demonstrated the victim was found with his hands and feet bound together with neckties. "The victim suffered massive injuries to his upper torso, including thirteen broken ribs and cracked sternum; a laceration of liver and damage to the small intestine; abrasions and lacerations on the face; a broken nose and brain hemorrhage." *Grubbs,* at 495. "Defendant stated that he cut Thornton's throat...." *Grubbs,* at 496. The statement of the prosecuting attorney that this was one of the most vicious attacks on an individual he had seen was directed to the allegation of depravity, a condition which could be inferred from the evidence. It cannot be said counsel was ineffective for failing to object to this argument. Further, contrary to movant's assertion, the above argument does not infect the punishment stage with an unfairness that would violate due process. *Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1964).

### III.

Movant alleges that he was denied the right of an impartial jury and that his counsel was ineffective for not seeking exclusion of venireperson Meisman for cause. Movant contends Mr. Meisman stated a

bias for the death penalty. During voir dire defense counsel had the following discussion with Mr. Meisman:

DEFENSE COUNSEL: I just want to know how many of you feel that the life without probation or parole for fifty years could be an appropriate punishment for capital murder? Do you feel it could be, Mr. Meisman?

VENIREPERSON MEISMAN: Possibly.

DEFENSE COUNSEL: Well, when you say possibly that worries me a bit. Do you feel that if someone is convicted of capital murder or premeditated killing the death penalty is the only appropriate punishment?

VENIREPERSON MEISMAN: Not automatic, no.

DEFENSE COUNSEL: Okay, not automatic. Do you think more often than not it's the appropriate punishment?

VENIREPERSON MEISMAN: Probably.

DEFENSE COUNSEL: Correct me if I'm wrong, does that mean to say that if you're in the circumstance where you convicted somebody of murder, you'd be more likely to return the death penalty?

VENIREPERSON MEISMAN: Probably, yes.

Mr. Meisman was not asked if he could set aside his predilection for the death penalty and follow the judge's instructions. No request was made for the exclusion of Mr. Meisman. At movant's evidentiary hearing on his 27.26 motion defense counsel was not asked if there was a strategic reason for not seeking to exclude Mr. Meisman for cause or use a peremptory strike to exclude him from the panel.

■ The standard for a challenge for cause due to a juror's views on capital punishment is whether those views would present or substantially impair the performance of his duties as a juror in accordance with instructions and his oath. *Wainwright v. Witt*, 469 U.S. 412, 424, 105 S.Ct. 844, 852, 83 L.Ed.2d 841, 851 (1985). The hearing court found there was no indication that Mr. Meisman was unable to follow the instructions of the court or was unable to consider penalties other than the death pen-

alty if movant was convicted of capital murder. This finding and conclusion of law is not shown to be clearly erroneous. *Sanders.*

Because this issue was resolved as above, it is not necessary to reach the issue whether a showing of prejudice is needed to make out an ineffective assistance of counsel claim based on failure to strike a venireperson for cause. *Presley v. State*, 750 S.W.2d 602 (Mo.App.1988).

IV.

Movant argues trial counsel was ineffective for failing to make and preserve at trial and on appeal objections that movant's statement was a product of an unlawful arrest and improper questioning. Movant contends that had his statement been excluded from evidence the outcome of his trial would have been different. Trial counsel filed a motion to suppress alleging unlawful arrest and improper questioning subsequent to arrest. The hearing was held prior to trial and the motion was overruled. The motion was renewed at trial and again overruled. In movant's motion for new trial counsel included the allegation that the trial court erred in admitting into evidence movant's statement. The motion for new trial was overruled.

■ Although trial counsel preserved this issue for appeal, movant's appellate counsel did not argue that defendant's statement was inadmissible. Nevertheless, neither movant's pro se 27.26 nor his amended motion allege ineffective assistance of appellate counsel for failure to raise the admissibility of the defendant's statement on direct appeal. "It is fundamental that issues not raised in a Rule 27.26 motion may not be considered on appeal." *Walker v. State*, 715 S.W.2d 261, 262 (Mo.App.1986). "If issues are not presented to the trial court and motion to set aside the convictions and the hearing did not focus in on the issues, they may not be considered on appeal." *Anderson v. State*, 647 S.W.2d 883, 884 (Mo.App.1983); *See also Williams v. State*, 712 S.W.2d 404 (Mo.App.1986); *Stokes v. State*, 671 S.W.2d 822 (Mo.App.1984).

## V.

Movant argues trial counsel was ineffective for failing to object to testimony by a police officer that after movant was arrested and while in custody he refused to make a statement. The hearing court found that failure to object was done as a matter of trial strategy to avoid calling attention to the statement that movant made to the sheriff subsequent to the initial refusal. As a matter of trial strategy this failure to object will not support an ineffective assistance of counsel claim. *Strickland; Covington.* The hearing court found movant's counsel was aware at the time of the trial that the trial court had overruled the motion to suppress movant's statement and therefore good reason existed not to direct more attention to the statement which would be admitted into evidence.

## VI.

Movant alleges the motion court erred in failing to instruct on second degree murder as a lesser included offense. This issue was not raised in his 27.26 motion and is not for consideration on appeal. *Williams; Walker; Stokes;* and *Anderson.*

## VII.

Movant argues his rights of due process and effective assistance of counsel were violated by trial counsel's failure to establish lack of blood on the carpet beneath the victim's body, failure to object to testimony that there was blood on the carpet and, failure to preserve for evidence the carpeting beneath the victim's body. One of the aggravating circumstances submitted by the state and found by the jury was that the murder of Jerry Thornton involved torture and depravity of mind and the result thereof was outrageous, horrible and inhumane. In support of this aggravating circumstance the state presented evidence that movant slit victim's throat, which movant admitted he had done.

First, movant contends counsel was ineffective for failing to present evidence that there was no blood on the carpet underneath the victim. Movant contends if counsel showed lack of blood on the carpet then there would be evidence from which the jury could find victim was already dead when his throat was slit. The evidence at the 27.26 hearing was that the state did not seize the carpet from beneath the victim's body. At movant's trial law enforcement officers and other witnesses who viewed the crime scene, some referring to photographs, testified to blood on the carpet. A pathologist testified that blood was on the victim's neck which indicates the victim was alive at the time the jugular vein was severed. The hearing court found movant's counsel cross-examined both the law enforcement officers in attempting to refute the testimony of blood on the carpet as far as could reasonably be explored without causing detriment to the theory of defense. This finding is supported by the evidence and not clearly erroneous.

Secondly, movant contends counsel was ineffective for failing to object to testimony of witnesses regarding blood on the carpet beneath the victim. Movant contends an objection of insufficient foundation would have been sustained under *State v. Onken,* 660 S.W.2d 312 (Mo.App.1983). Movant's reliance on *Onken* is misplaced. In *Onken* the court granted a new trial because the expert witness did not testify to the tests and procedures he performed or the general acceptance in the field of the test and procedures under *Frye v. U.S.,* 54 App.D.C. 46, 293 F. 1013, 1014 (1923). The present case involves lay witnesses testifying to what they saw.

Finally, movant contends he was denied due process because the carpet underneath the victim was not preserved. Because of the evidence that the state did not seize the carpet, the uncontradicted testimony and photographic exhibits of the crime scene movant has failed to demonstrate how he was prejudiced by the absence of the carpet to be used at trial.

The judgment of the hearing court is affirmed.

All concur.