William P. CREVISTON,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16453.

Missouri Court of Appeals,
Southern District,
Division Two.

April 16, 1990.

Brian P. Taylor, Taylor & Taylor, Neosho, for movant-appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

A jury found movant, William P. Creviston, guilty of the class B felony of sodomy. § 566.060. A new trial was granted. Movant was again convicted by a jury. He was sentenced to imprisonment for ten years. His conviction was affirmed in *State v. Creviston*, 735 S.W.2d 91 (Mo.App. 1987). By his motion under Rule 27.26[1], movant alleged he was denied effective assistance of counsel because "counsel failed to interview, investigate or call at trial" ten witnesses to more fully establish his alibi. An evidentiary hearing was held and his motion was denied. The movant presents one point on appeal.

At the time of the underlying offense, members of the Creviston family lived on U.S. Highway 71 near Fredville in Newton County. The movant's parents and his sister Nettie Creviston lived in the house. His nephew, Christopher Girdner, was staying with them. The movant lived in a garage on the premises. The B__ family lived next door. That family was composed of the father, mother and three children. The movant was convicted of committing sodomy upon one of those children, S.B., a female child, age five years. The evidence was that the act was committed in the garage where the movant was living. Additional facts are recited in *State v. Creviston, supra*.

At the evidentiary hearing, movant called his sister-in-law Patricia Dickerson, his sister Anna Wheeler, his sister Nettie Creviston, and his nephew, Christopher Girdner. He also called nonrelative Sally Atteberry, whose testimony at the underlying trial tended to support movant's alibi. The state presented the testimony of movant's trial attorney. At the conclusion of the hearing, the motion court found that movant had been accorded effective assistance of counsel, and denied the motion. Review by this court is "limited to a determination of whether the findings, conclusions, and judgment of the [motion] court are clearly erroneous." Rule 27.26(j).

The movant's sole point on appeal is that the record established he received ineffective assistance of counsel in that "several alibi witnesses were available to testify at appellant's trial to his whereabouts on the afternoon of December 27, 1984 and that said testimony would have filled a gap in appellant's alibi defense and that said witnesses were not called to testify...." At the underlying criminal trial, movant testified that he spent all day, December 27, 1984, in Granby, Missouri. By considering the argument under movant's sole point, it is discovered the witnesses he refers to are his sister Anna Wheeler, and his nephew, Christopher Girdner.

At the motion hearing, Anna Wheeler testified that on December 27 movant left the premises in the morning, but returned at 2 p.m. when a claims adjuster arrived at the Creviston house. Her testimony included the fact that at this time her father, brother-in-law, and nephew were all in the house.

Christopher Girdner first testified that he saw the movant at the house in the early afternoon on December 27, 1984,

---

1. Movant's sentence was pronounced before and his initial motion under Rule 27.26 was pending on January 1, 1988. Postconviction relief is governed by the provisions of former Rule 27.-26.

when the insurance man had arrived. He later testified that on December 27, 1984, he went out to the garage at noon, where movant was sanding furniture. Movant showed Christopher how to run the sander.

Wheeler's testimony would have conflicted with the anticipated alibi testimony of Atteberry at the underlying trial that movant spent most of the day in her home. Girdner's testimony would have conflicted with the actual testimony of Atteberry that movant was there from 11 a.m. to 2 p.m. Girdner's testimony was also self-conflicting. The testimony of both Wheeler and Girdner would have conflicted with the testimony of the movant.

At the motion hearing, Sally Atteberry testified that movant spent several hours at her home on December 28, 1984. She did not testify concerning his whereabouts on December 27, 1984.

 Movant's trial counsel testified that he recognized these conflicts and as a matter of trial strategy, agreed upon by movant, did not call either Wheeler or Girdner as a witness. An attorney's decision not to call a witness who will not unqualifiedly support his client's position, is a matter of trial strategy, *Stevenson v. State*, 759 S.W.2d 370 (Mo.App.1988), and does not constitute ineffective assistance of counsel. *Walker v. State*, 715 S.W.2d 261 (Mo.App. 1986). The motion court's finding that the failure to call those witnesses did not constitute ineffective assistance of counsel is obviously supported by the record.

Movant also argues trial counsel was ineffective because he did not call movant's sister, Nettie Creviston, as a witness. She would have testified the victim's mother said to her, "[t]hat she was sorry for getting Bill in trouble, and that she got even with him, and that she wanted to apologize to mom." Movant argues this would have impeached the testimony of the victim's mother. This argument does not require discussion. It does not fall within the ambit of the stated point. *State v. Hanson*, 587 S.W.2d 895 (Mo.App.1979).

Even extending that argument gratuitous consideration, does not aid the movant. Trial counsel testified that he was aware of the anticipated testimony of Nettie Creviston but that she was mentally slow and he could not predict what her testimony would be or how she would react on cross-examination. At the motion hearing, when movant called Nettie Creviston, he preceded her appearance with the following statement: "I've been advised by her family members that Nettie does have —She's slightly retarded...." As a matter of trial strategy agreed upon by movant, trial counsel did not call her as a witness. Moreover, a decision not to call a witness who is merely an impeaching witness does not establish ineffective assistance of counsel. *State v. Harris*, 669 S.W.2d 579 (Mo.App.1984). The findings of the trial court that the movant did not establish he received ineffective assistance of counsel are obviously supported by the record. The judgment of the trial court is affirmed.

HOGAN, C.J., and FLANIGAN, P.J., concur.