**STATE of Missouri, Respondent,**

v.

**William H. KERR, Jr., Appellant.**

**No. 77482.**

Supreme Court of Missouri,
En Banc.

Sept. 19, 1995.

Ty Gaither, Joplin, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

PRICE, Judge.

Appellant, William H. Kerr (Kerr), was convicted of assault of a law enforcement officer pursuant to § 565.082.1(3), RSMo 1994.[1] Kerr appeals, alleging that the statute is unconstitutionally overbroad in violation of the equal protection clauses of the United States and Missouri Constitutions. We affirm.

**I.**

On February 20, 1994, at approximately 2:00 a.m., Police Officer Paul Whetstone was sitting in his patrol car, which was parked on the shoulder of the road along Highway 171 in Jasper County. Officer Whetstone had just arrived at the scene to investigate an accident that had occurred at that location. As Officer Whetstone was sitting in his patrol car, Kerr, who was driving a pickup truck, struck the back of Officer Whetstone's patrol car, thrusting it approximately 64 feet from the point of impact. At the time of impact, Officer Whetstone's patrol car had its emergency lights activated.

After the accident, officers noticed that Kerr had a strong odor of intoxicants on his breath, slurred his speech, and exhibited an extreme lack of balance. Kerr's eyes were watery, bloodshot, and glassy. Appellant admitted that he had been drinking beer from 6:00 p.m. to 1:00 a.m. Officers concluded that Kerr appeared to be under the influence of alcohol. Kerr was arrested and a breath test revealed that his blood alcohol content

---

1. Section 565.082.1(3) provides:
     A person commits the crime of assault of a law enforcement officer in the second degree if he:
    \*     \*     \*     \*     \*     \*
     (3) While in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle in this state and when so operating, acts with criminal negligence to cause physical injury to a law enforcement officer.

was .216 percent at approximately 3:13 a.m. on February 20, 1994.

Officer Whetstone was taken to the hospital in an ambulance and received fourteen stitches in his forehead. Officer Whetstone also had a puncture wound on the back of his head and injuries to his ankle, neck, and shoulder.

Kerr was charged by information on May 19, 1994, with assault of a law enforcement officer in the second degree, pursuant to § 565.082.1(3). After Kerr waived a jury, the cause went to trial on August 31, 1994. The evidence consisted only of a stipulation offered by the state and signed by Kerr, the prosecutor, and Kerr's attorney. The court subsequently found Kerr guilty of assault of a law enforcement officer in the second degree. Kerr was sentenced to eight years' imprisonment. The execution of his sentence was suspended and Kerr was placed on probation for a period of five years.

Kerr's sole argument on appeal is that § 565.082.1(3) is unconstitutional, in violation of the Equal Protection Clauses of the United States and Missouri Constitutions.

## II.

To withstand an equal protection challenge, a statute must meet the "rational basis" test.[2] The "rational basis" test requires that the state have a legitimate interest in the subject matter of the statute and that the statute be rationally related to that interest. *State v. Taylor,* 726 S.W.2d 335, 336 (Mo. banc 1987).

It is obvious that the state has a legitimate interest in the protection of its law enforcement officers. Kerr does not contest this issue. Instead, Kerr claims that the statute at issue is overbroad and thus not rationally related to the state's interest because it is not restricted to acts that occur while law enforcement officers are on duty or to acts related to their duty.

In this case, however, Kerr concedes that Officer Whetstone was performing the duties of his office when he was injured. The stat-

ute was not unconstitutional as applied to Kerr. Kerr has no standing to raise other hypothetical instances in which the statute might be unconstitutionally applied. *Lester v. Sayles,* 850 S.W.2d 858, 872–873 (Mo. banc 1993); *State v. Brown,* 502 S.W.2d 295, 305–306 (Mo.1973), *cert. denied,* 416 U.S. 973, 94 S.Ct. 1999, 40 L.Ed.2d 562; *Kansas City v. Douglas,* 473 S.W.2d 101, 102 (Mo.1971).

Kerr mistakenly attempts to make a "facial challenge" to § 565.082.1(3). As was stated in *U.S. v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987):

> A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid. The fact that the Bail Reform Act might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid, since we have not recognized an "overbreadth" doctrine outside the limited context of the First Amendment. *Schall v. Martin, supra,* [467 U.S. 253], at 269, n. 18, 104 S.Ct. [2403], at 2412, n. 18 [81 L.Ed.2d 207 (1984)].

The judgment is affirmed.

HOLSTEIN, C.J., BENTON, LIMBAUGH, ROBERTSON and COVINGTON, JJ., and ULRICH, Special Judge, concur.

---

**2.** Kerr has not alleged that he is a member of a suspect class. Nor does he claim violation of a fundamental right.